## John R. Kirkpatrick *v.* Mary L. Utley.

1. Chancery Pleadings and Practice. *Bill for new trial.* Courts of equity will grant a new trial at law upon strong and clear grounds, but the facts upon which the relief is claimed, and which must show fraud, accident, surprise or mistake unmixed with negligence on the part of the complainant, his agent or attorney, must be stated in the bill, and, if denied, sustained by proof.

2. Same. *Same.* There are cases of applications in equity for a new trial, such, for example, as those based on newly discovered evidence, where the court of chancery, after the ground for a new trial is established, may decide the litigation finally; but there are other cases, such, for example, as suits for damages for a personal injury, where the new trial must be at law.

3. Same. *Same.* Where a bill for a new trial is based on a failure to obtain the benefit of a bill of exceptions in the appellate court, enough must appear to show that injustice was done in the trial at law on the merits.

Kirkpatrick *v.* Utley.

4. SAME. *Effect of overruling demurrer by Supreme Court.* The overruling by the Supreme Court of a demurrer to a bill for a new trial adjudges that the bill contains sufficient equity, which, if sustained by proof, would entitle the complainant to relief; if unsustained the right to relief fails.

5. SAME. *Bill of exceptions.* If, upon a bill filed for a new trial upon the ground that the complainant had been deprived of the benefit of a bill of exceptions at law, it appears that the bill of exceptions in question does not embody the charge of the judge to the jury, nor show that it contains all the evidence, the right to relief would probably fail.

6. SAME. *Same.* And if the new proof on the merits and the bill of exceptions together make out a stronger case against the complainant on the merits than the bill of exceptions alone, and the bill of exceptions contains sufficient evidence to sustain the verdict of the jury in the trial at law, the complainant will be clearly entitled to no relief.

---

### FROM DAVIDSON.

---

Appeal from the Chancery Court at Nashville. A. G. MERRITT, Ch.

SMITH & ALLISON and E. H. EAST for complainants.

T. M. STEGER and DEMOSS & MALONE for defendant.

COOPER, J., delivered the opinion of the court.

Mary L. Utley, then an infant, had, by next friend, brought suit in the circuit court against John R. Kirkpatrick for damages for his mal-practice as a physician and surgeon, whereby she had lost an eye, and, on October 17, 1867, recovered a judgment against him for $3,500 and costs. This bill was filed on the 18th of March, 1868, by Kirkpatrick against Mary L. Utley, to set aside the judgment and obtain

a new trial, upon the ground that the complainant had been deprived of an investigation of the facts and law of the case by the Supreme Court by the act of the defendant, or of the clerk or judge of the circuit court. The defendant demurred to the bill, and the chancellor sustained the demurrer. Upon the appeal of the complainant, this court held that the demurrer was not well taken, overruled the same, and remanded the cause for answers and further proceedings. An answer was filed by the defendant denying the equity of the bill. Proof was then taken, both upon the averments of the bill on which the right to a new trial was rested, and upon the merits. At the hearing, the chancellor was of opinion that the equities of the bill were denied by the answer and not sustained by the proof, and dismissed the bill with costs. The complainant appealed, and the Referees all concur in reporting that the proof fails to make out a case on any ground, under the law, that gives the chancery court jurisdiction to grant a new trial. A majority of the Referees also report that the evidence does not sustain the bill on the merits of the original litigation, and that the verdict of the jury on the proof in the record was right. They further report that even if it be conceded that complainant was deprived of a hearing on his appeal in the law case by the fault of the defendant, he was not injured thereby, and could not be relieved in equity, because the bill of exceptions tendered by the complainant does not embody the charge of the court, nor show that it contains all the evidence. The complainant

excepts to the report of the Referees, the exceptions limiting to some extent the litigation made by the bill.

The ·record of the suit at law shows that· the defendant recovered her judgment .against the complainant on October 17, 1867, that two days thereafter the complainant's motion· for a new trial was overruled, and that on the same day the court adjourned to the court in course. It further shows that the complainant filed a transcript of the record in this court as upon an appeal, but that the cause was ordered by this court to be stricken from the docket because "there was no prayer for an appeal from the judgment of the court below." The minutes of the circuit court show that on October 19, when there was an adjournment to the court in course, an order was made for a special term to begin on the fourth Monday in November following, and that this entry was also made: "It is ordered by the —— that in all cases in which bills of exceptions are not signed and bonds given, that parties have until the 20th day of November, 1867, in which to sign and to give appeal bonds, and when so done the same shall be ·and form a part ·of the record in said cause so signed." The bill of exceptions prepared in the case of the defendant against the complainant was not signed until November 30, 1867. It does not include the charge of the judge, nor any. request for a special charge, nor show that it contains all the evidence.

"Courts of equity," says Judge McFarland, " exercise the right of granting new trials with caution,

and only upon strong and clear grounds. It is established by a great weight of authority," he adds, "that this relief cannot be granted unless the judgment has been obtained by fraud, or unless the party had a legal defense, which he was prevented from making by the fraud of the other party, or by accident, surprise, or mistake, unmixed with negligence upon his part, or upon the part of his agent or attorney:" *Prater* v. *Robinson*, 11 Heis.; 391, 394. The facts upon which the alleged fraud, accident, surprise or mistake are made to rest must, of course, be stated, and, if denied, sustained by proof. There are cases, such as those based on newly discovered evidence, where the court of chancery, after the ground for a new trial is established, may decide the litigation finally on the merits; for the court may determine what difference the new testimony ought to have made in the trial at law, and there would be in effect a new trial in equity: *Cairo, etc., R. Co.* v. *Titus*, 35 N. J. Eq., 384. But there are many cases where the new trial must be at law, and the case before us, for the recovery of damages for injury to the person in the loss of an eye, would seem to be exclusively for the determination of a jury: *Burem* v. *Foster*, 6 Heis., 333. And see *Coddington* v. *Webb*, 2 Ver., 240; 1 Eq. Cas. Abr., 377; *Peagram* v. *King*, 2 Hawks, 605; *Howe* v. *Martell*, 28 Ill., 445. In *Seay* v. *Hughes*, 5 Sneed, 155, the bill was filed to obtain a new trial at law upon the same ground relied on in the present case, namely, that the complainant, who was the defendant and losing party at law, had been deprived

Kirkpatrick *v.* Utley.

of an investigation of the facts and law of the case by the Supreme Court because of the want of a bill of exceptions. The bill of exceptions in that case had been signed by the judge and left upon his table. It could not afterwards be found. The court held that the complainant had been guilty of negligence in not seeing that the bill of exceptions was delivered to the clerk, and also in not perfecting the bill of exceptions when the cause was remanded by this court to the trial court for the purpose. The bill was therefore dismissed upon the ground that the facts alleged did not make out a sufficient case for a new trial. The court say: " Without knowing what the proof was (on the trial at law), we are unable to determine whether the verdict of the jury or the charge of the court was wrong, and, consequently, whether the complainants have any merits. * * Enough must appear in the bill to show that injustice was done upon the merits." In other words, the bill, in such a case, must aver, and of course the proof must establish, that the complainant was entitled to the new trial he asks for.

The decision of this court upon the demurrer to the present bill must be held to have adjudged that the bill contained sufficient equity to require an answer: *McNairy* v. *Nashville*, 2 Baxt., 251; *Rodgers* v. *Dibrell*, 6 Lea, 69. In this view, if the proof, upon answer filed, established the facts upon which the equity of the bill rested the complainant would be entitled to a new trial. The chancellor and Referees have found that the evidence failed to sustain the

facts alleged. Upon a careful examination of the exceptions to the report of the Referees we find that the jurisdiction of the chancery court is rested upon two points. One of these points, made in exception twelve, is to the finding of the Referees that there was no order granting an appeal, when the testimony of Judge Guild, one of complainant's counsel, is that an appeal was prayed and granted and bond given. But if parol testimony is admissible to contradict the record, the point itself is immaterial. For the case was stricken from the docket of this court for the want of an appeal granted, and unless the record was amended *nunc pro tunc* that remedy was gone. But if there had been a bill of exceptions, the benefit of it might have been had by a writ of error and supersedeas within two years, even without an appeal. It was, consequently, immaterial whether there was an appeal granted, which the clerk failed to enter, or not. In either event, the question would still be open whether the complainant had been deprived of the benefit of his bill of exceptions without fault on his part.

The other point is embodied in the complainant's fourth exception : " The Referees are in error in finding that the proof fails to sustain the proposition of jurisdiction as set out in the opinion of the commission." This case, when it came to the Supreme Court by appeal from the decree of the chancellor on the demurrer, was tried by the commission court created by the Legislature to hear and decide causes transferred to them by consent of parties. In the opinion

delivered by the commission court, the Referees find
and report that the demurrer was sustained as to all
the grounds which it was claimed would give the
chancery court jurisdiction, except one. That one was
thus set out in the opinion of the commission: "The
allegations in the bill as to the failure to have the
bill of exceptions signed make out a case of accident
and surprise, unmixed with negligence on the part of
the complainant's counsel. This was sufficient to
authorize the chancery court to take jurisdiction, and
require the plaintiff at law to answer the allegations.
Assuming the allegations to be true, complainant would
have been entitled to a new trial. But whether,
upon answer, these allegations can be sustained, we
cannot know."

The Referees set out in their report the allegations
of the bill referred to by the commission court, and
find that they are not sustained by the proof. The
allegations are, in substance, that complainant's counsel,
"two or three weeks before the adjournment of the
court," made out a bill of exceptions, and handed it
to one of the opposing counsel, who desired to con-
sult the principal counsel, then sick in the country; that
the counsel grew worse and died, the bill of exceptions
being still retained by the opposing counsel; that the
judge of the circuit court in the meantime was seen,
and complainant's counsel was led to believe that
there would be no difficulty in having the bill of
exceptions properly signed, and in fact that impression
was made upon complainant's counsel by the assistant
counsel of defendant; that the court being held open

but not meeting from day to day, suddenly adjourned on the — · day of November, 1867, without the knowledge of complainant's counsel; that when the record of the law case was filed in the Supreme Court, the defendant's counsel made the objection that the bill of exceptions was signed after the adjournment of the term of the trial court, and the Supreme Court ruled that the bill of exceptions was no part of the record, but struck the cause from the docket because the transcript failed to show that an appeal was granted.

The proof is that the bill of exceptions was not made out by the complainant's counsel until the court had actually adjourned, nor handed to the opposing counsel until October 25, when he, according to his testimony, knew of the adjournment. The principal counsel of the defendant was taken sick on October 25, and died November 6. The bill of exceptions was returned to complainant's counsel about November 14, who procured the signature of the judge on November 30. There is not a particle of proof that, in the meantime, the judge was seen and said or did anything to lead complainant's counsel to believe that there would be no difficulty in having the bill of exceptions signed, nor any proof that defendant's assistant counsel said anything to make a similar impression upon complainant's counsel, if, indeed, belief and impression, either or both, amount to an averment of facts. There is no proof, even if admissible, that objection was taken to the bill of exceptions in the Supreme Court as signed after the adjournment of the circuit court. And, as we have seen, there is no sat-

isfactory proof that the circuit court was kept open for any definite time after October 19, even if such proof, in contradiction of the record, were admissible. It is obvious, therefore, that the Referees were well warranted in finding that the averments of the bill on this turning-point of the case were not sustained by the proof.

The truth probably is, that the court having ordered a special term for the fourth Monday of November, it was thought the general order providing for the signing of bills of exceptions, and execution of bonds of appeal on November 20, during that special term, would be valid for those purposes. And the complainant, by exceptions to the report of the Referees, undertakes to make the point that the complainant is entitled to a new trial if misled by the action of the circuit judge in this regard. But no such point is made in the bill. The right to relief is there rested upon the delay occasioned by the defendant's counsel in obtaining the judge's signature during the term, and upon the allegation that the complainant's counsel was led to ". believe" there would be no difficulty in having the bill. of exceptions signed by seeing the judge, and by an " impression " made upon the same counsel by the assistant counsel. of the defendant, which we have already considered. The order of court giving time to file bills of exception immediately follows the entry in *Utley* v. *Kirkpatrick*, overruling the motion for a new trial, some of the counsel saying in argument that it is under the same heading. The order was almost certainly procured by

the defendant's counsel in that case, and was no doubt relied on at the time as sufficient for the purposes intended. The law had long before been settled to be otherwise in this State: *Staggs* v. *State,* 3 Hum., 372; *Clark* v. *Lary,* 3 Sneed, 77.

The bill of exceptions made a part of the bill does not embody the charge of the court, nor show that it contains all the evidence. It is difficult to see, therefore, why the case does not fall within the express language of this court quoted from *Seay* v. *Hughes.* It is unnecessary to determine the point in this case, for we fully concur with the majority of the Referees in the opinion that the evidence in this record, the bill of exceptions inclusive, does not sustain the bill on the merits of the litigation at law. The new proof makes a stronger case than is made by the bill of exceptions, and there is sufficient evidence in the bill of exceptions to sustain the verdict of the jury.

The exceptions to the Referees' report must be overruled, and the decree of the chancellor affirmed with costs.