MARGARET M. WALLACE *v.* ENGLISH WALKER.

(*Knoxville,* September Term, 1954.)

Opinion filed November 16, 1954.

Rehearing denied December 16, 1954.

474

MILLER, MILLER & MARTIN, of Johnson City, for appellant.

GREEN & BRANDT and J. PAUL COLEMAN, all of Johnson City, for appellee.

MR. JUSTICE PREWITT delivered the opinion of the Court.

The complainant, Margaret Wallace, filed her bill against her brother the defendant English Walker, to which bill the defendant interposed a demurrer, which was sustained by the Chancellor and the bill dismissed.

The original bill set out that complainant Margaret Wallace instituted a suit in the Law Court at Johnson

City, Tennessee, against her brother English Walker, which suit was in the nature of a will contest; that the suit was tried before the court and jury and was dismissed; that the complainant did not file a motion for a new trial within the time for the filing of a motion; and that in the suit at law the set of facts were not brought to light; that the complainant had not been negligent and that she was not guilty of laches; that said suit at law was based upon the fact that defendant was in possession of a will supposedly written and executed by their mother, and that under said will English Walker took the property involved, and that at the time the will was written, the mother was of unsound mind and that the defendant perpetrated a fraud upon the Court in that he swore falsely and procured others to do likewise.

The demurrer was to the effect that no equity appears on the face of the bill; that it fails to disclose any fact upon which a new trial could be granted; that the complainant was guilty of laches, and that the statements of fraud set out in the bill are general and not specific; that the bill as a whole fails to charge any act of fraud on the part of the defendant which would entitle the complainant to any relief; that the bill shows on its face that the complainant had her day in court and had an adequate remedy to review the judgment of the Law Court at Johnson City, Tennessee, and failed to use any diligence in asking for a new trial, etc.

The Chancellor, on hearing the case on demurrer, held that the bill shows that the complainant was guilty of laches, and fails to show sufficient facts which would warrant the court in allowing a hearing and that the charges of fraud were too general.

On the hearing of the demurrer, the complainant moved

the court for leave to amend the original bill which motion was denied.

We agree with the Chancellor that the statements in the bill are entirely too general and that they were subject to demurrer. In such case it is necessary to state the facts specifically in order to disturb a judgment at law. *Levan* v. *Patton,* 49 Tenn. 108.

Courts of equity will grant a new trial at law upon strong and clear grounds, but the facts upon which the relief is claimed, and which must show fraud, accident, surprise, or mistake unmixed with negligence on the part of the complainant, his agent or attorney, must be stated in the bill, and if denied, sustained by proof. *Kirkpatrick* v. *Utley,* 82 Tenn. 96.

It is also insisted that the court below was in error in refusing to allow the complainant to amend her bill.

We are of the opinion that the offer to amend came too late, and also that it does not set out wherein the complainant was aggrieved.

"The petition being in the nature of a motion for a new trial, must specify the particular matter or cause on which the application for a rehearing is based; and if the facts therein stated do not appear of record in the cause, the petition must be verified by oath or affirmation; it must, also, be signed by counsel." Gibson's Suits in Chancery, Section 1219, p. 1024.

It results that we find no error in the decree of the Chancellor sustaining the demurrer and it is affirmed.