## ACME COAL CO. ET AL. v. NORTHRUP NATIONAL BANK.

(No. 785; Decided March 8th, 1915; 146 Pac. 593.)

BILLS AND NOTES—NEGOTIABILITY—CERTAINTY AS TO INTEREST RATE —WRITING—WRITTEN—PRINTED — TYPEWRITING — STIPULATIONS— REPLY—AMENDED PLEADINGS—HOLDER IN DUE COURSE—BONA FIDE PURCHASER — DEFENSES AVAILABLE — FALSE REPRESENTATIONS — BREACH OF CONTRACT.

1. Where a figure "7" fixing the rate of interest in a promissory note drawn on a printed form is inserted in a blank space therein with a typewriter and a circle is drawn around the type-written figure with a pen and ink and a figure "8" is written above it with pen and ink, the typewritten figure was "printed" within Comp. Stats., 1910, Sec. 3175, Subd. 4, and will govern, as to the interest rate.

2. An apparent conflict between the rate of interest inserted in a promissory note with a typewriter and a different rate inserted with a pen and ink will not destroy the negotiability of a note for uncertainty, as to the interest rate, as under the provisions of Section 3175 Comp. Stats., 1910, the written provisions prevail.

3. The rule of construction prescribed by the Negotiable Instruments Law (Sec. 3349 Comp. Stats. 1910) that "unless the context otherwise requires * * * * * * * 'written' includes printed and 'writing' includes print" will not apply where such construction will render another Section of the Negotiable Instruments Law (Sec. 3175 Comp. Stats. 1910) meaningless and of no force.

4. Where a reply to the original answer denied the new matter set up in the answer and it was thereafter stipulated that such reply should stand, as the reply to an amended answer, an allegation of the amended answer was not admitted by a failure to reply.

5. A breach of agreement by the payee named in a promissory note given for the purchase price of pit cars did not constitute a defect in the payee's title to the note and is not a defense under Section 3213 Comp. Stats. 1910, to an action by an endorsee of a note, who took it without notice or knowledge of any defect or infirmity or knowledge of the facts relating to the transaction, since under Section 3217 Compiled Statutes 1910, the defenses of a failure of consideration, breach of contract or breach of implied warranty are not available as against a purchaser without notice.

ERROR to District Court, Sheridan County, CARROLL H. PARMELEE, Judge.

Action by the Northrup National Bank of Iola, Kansas, against the Acme Coal Company and others upon a promissory note given for the purchase price of pit cars. The note had been endorsed to the bank before maturity. The note had been drawn on a blank form and the interest rate of seven per cent had been inserted with a typewriter. A circle had been drawn around the figure "7" with a pen and ink and above it was inserted a figure "8" with pen and ink. The maker contended that there was uncertainty as to the rate of interest and that the note was therefore non-negotiable and open to the defenses of failure of consideration, breach of contract and breach of implied warranty. It was, also, claimed that no reply had been filed to the allegations of an amended answer and that said allegations were admitted. Other material facts are stated in the opinion.

*Burgess & Kutcher*, for plaintiffs in error.

The court erred in excluding the testimony of A. K. Craig, a witness for the Coal Company, whose testimony related to a breach of the contract made by the Coal Com-

pany with the United Iron Works Company for the pur-
chase of one hundred pit cars.   The note is non-negoti-
able and was taken by the defendant in error, subject to
all defenses available  to plaintiffs in error.   Whether the
note is negotiable or not, the evidence established a *prima
facie* case of fraud, which should have been considered
by the court.   The evidence was competent and material
under the issues in the case.   The requirements of a nego-
tiable instrument are defined by Statute.   (Section 3159,
Comp. Stats. 1910.)   Whether an instrument is negotiable
must be determined from the face of the instrument itself
and cannot depend upon extrinsic facts.   (Roblee et al. v.
Union Stockyards Nat'l Bank, 95 N. W. 61 (Nebr.) ;
Nicely v. Winnebago Nat'l Bank, 47 N. E. 478 (Ind.) ;
Bank v. McMahon, 38 Fed. 283 ; Equitable Trust Co. v.
Harger, 102 N. E. 209 (Ill.) ; Donis v. Brady, 97 N. W.
719 (S. D.)   The conflict in the figures fixing the interest
rate rendered the rate of interest uncertain and destroyed
the negotiability of the note.   A suspicious alteration will
be presumed to have been made after the execution of the
instrument. (Thorpe v. Jamison, 39 L. R. A. (N. S.) 113 ;
Wilson v. Estate of Hotchkiss, 45 N. W. 840 (Mich.)
The · allegations of the ninth paragraph of the amended
answer were admitted by failure to reply.   The latent de-
fects in the pit cars were a fraud upon the Acme Coal
Company.   (14 Am. and Eng. Enc. P. 77 ; 20 Cyc. 63 ; Cool-
ey on Torts, 2nd Ed. Pg. 559-560; McAdams v. Cates, 24
Mo. 223 ; Barron v. Alexander, 27 Mo. 530 ; Grigsby v.
Stapleton, 7 S. W. 421.)   To sell a promissory note with-
out disclosing that the maker is to the seller's knowledge
insolvent is fraudulent under the Georgia Code.   (Gordon
v. Irvine, 35 S. E. R. 151.)   A failure to disclose the
blindness of a horse, where it was not apparent to the
buyer, is a fraud.   (Hughes v. Robertson, 1 T. B. Mon.
(Ky.) 215, 15 Am. Dec. 104; Dowling v. Lawrence, 16
N. W. 552 ; Stevens v. Fuller, 8 N. H. 463 ; Paddock
v. Strobridge,. 29 Vt. 470; Cardwell v. McClelland, 35
Tenn. 105 ; Maynard v. Maynard, 49 Vt. 297.)   A sale of

animals afflicted with contagious diseases without disclos--
ing that fact is a fraud, which will justify rescission or
action for damages. (Wintz v. Morrison, 17 Tex. 372;
Grigsby v. Stapleton, 7 S. W. 421; Jeffrey v. Bigelow, 13
Wend. (N. Y.) 518.) Concealment of defects by vendor
is actionable fraud. (Pomeroy Equity, Vol. 2, Sec. 904,
P. 1617; Kellogg Bridge Co. v. Hamilton, 28 Law Ed.
89-110 U. S. 108; Thomas v. Murphy, 98 N. W. 1098
(Minn.) The evidence stricken out was competent under
the issues and for that reason should not have been strick-
en. (Metz v. Willits, 14 Wyo. 511; Wilcox v. Stephens,
30 Fla. 377.) Material evidence tending to establish fraud,
where fraud is an issue, should be received. (Sections
3213 and 3217, Comp. Statutes 1910, 8 Cyc. 236.)

*H. N. Gottlieb,* for defendant in error.

Objections to the depositions should have been made,
if at all, by motion to suppress. (Crosby v. Hill, 39 Ohio
St. 103, 105.) An inspection of the note indicates that it
was the clear intention of the parties to substitute the fig-
ure "8." The drawing of a circle around and practically
through the figure "7" was merely a method of erasure.
The record shows that plaintiff in error admitted that the
change in the interest rate was made before the note was
delivered. This makes the effect for all purposes the same,
as if it had been "8" in the first place. (2 Cyc. 144.)
Even if it be regarded as an alteration, it was with the
consent of the makers and conformed to the real intention
of the parties. Hence, the change did not affect the nego-
tiability of the note. (2 Am. & Eng. Enc. of Law 206;
Busjohn v. McLean, 29 N. E. 494; Philips v. Crips, 79 N.
W. 373, 108 Iowa 605; Denis v. Brady, 97 N. W. 719.)
Citations of authority on the subject of suspicious altera-
tions have no application here because of an admission
that the change in the note, as to the interest rate, was
made before delivery. There is no uncertainty as to the
interest rate. (Durant v. Murdock, 3 App. Dist Col. 114;
Thompson v. Hoagland, 65 Ill. 310; Gramer v. Joder, Id.

314.) There is a marked distinction between a mere breach of implied warranty and actual fraud, as affecting the title of a commercial paper. (Kellogg Bridge Co. v. Hamilton, 110 U. S. 108; Thomas v. Murphy, 91 N. W. (Minn.) 1096; 14 Am. & Eng. Encyc. of Law P. 85.) The testimony of witness Craig was properly stricken out. (Bank of Leadville v. Allen, 6 Colo. 595.) Defenses cannot be urged against a commercial paper, until it is shown that the endorsee is not a *bona fide* holder. (Foy v. Blackstone, 31 Ill. 583, 83 Am. Dec. 246; McRitchie v. Johnson, 49 Kan. 321, 30 Pac. 477; Violet v. Rose, 39 Neb. 660, 58 N. W. 216; Livingston v. Roberts, 18 Fla. 70; Blair v. Buser, 1 Wils. (Ind.) 333.) Exceptions to the exclusion of testimony are unavailing, unless there be an offer to prove the facts sought to be shown. (Farmers' & Merchants' Ins. Co. v. Dabney, 86 N. W. 1070, 62 Neb. 213; Nebr. Tel. Co. v. Jones, 83 N. W. 197, 60 Neb. 396; Wittenberg et al. v. Mollyneaux, 83 N. W. 842, 60 Neb. 583.) A motion to strike out testimony, objection to which, if properly taken, would have been good, appeals to the discretion of the trial court. (Darling v. Klock, 59 N. E. 1121, 165 N. Y. 623; Frischman v. Zimmerman, 42 N. Y. S. 824, 19 Misc. Rep. 53; Tutwiler Coal, Coke & Iron Co. v. Nichols, 39 So. 762, 145 Ala. 666, 146 Ala. 364, 119 Am. St. Rep. 34; Cronk v. Wabash R. Co., 98 N. W. 884, 123 Iowa, 349; Watts v. Howard, 72 N. W. 840, 70 Minn. 122; Larson v. Kelley, 75 N. W. 13, 72 Minn. 116; McClellan v. Hein, 77 N. W. 120, 56 Neb. 600; McCormick Harvesting Mach. Co. v. Carpenter, 95 N. W. 617, 1 Neb. 273; Luckenbach v. Sciple, 63 A. 244, 72 N. J. Law, 476; Westervelt v. Burns, 57 N. Y. S. 749, 27 Mis. Rep. 781; Hornum v. McNeil, 80 N. Y. S. 728, 80 App. Div. 637; Pescia v. Societa Co-operativa C. F. B., 86 N. Y. S. 952, 91 App. Div. 506.) The above authorities distinguish Metz v. Willitts, 14 Wyo. 511, relied on by the plaintiff in error, from the facts in the case at bar. In the Willitts case the question was one of weight and sufficiency, while here it is a question of admissibility.

*Burgess & Kutcher,* in reply.

Where fraud is shown in the original transaction the burden of proof shifts to the plaintiff to establish that he is a holder in due course. Brannan's Negotiable Instruments Law (2nd Ed.) Sec. 59 et seq.; Bigelow on Bills, Notes and Cheques, (2nd Ed.) P. 251; Blair v. Buser, 1 Wils. (Ind.) 333, cited by opposing counsel is not applicable, for the reason that Indiana has not adopted the Negotiable Instruments Law. United Iron Works Company was chargeable with knowledge of the defects in the pit cars. (Hoe v. Sanborn, 21 N. Y. 552.) A fraudulent intent may be implied from evidence showing a breach of implied warranty. (14 Am. & Eng. Enc. of Law 95.)

BEARD, JUSTICE.

This is an action on a promissory note brought by the defendant in error against the plaintiffs in error. Trial was had to the court and judgment rendered in favor of plaintiff below, and defendants bring error.

The note was given by the Acme Coal Co., and indorsed by Ora Darnall and A. K. Craig, and payable to the order of the United States Iron Works Co., and by said company indorsed to the Bank. The note bears date November 9, 1912, is for $1,589.15, due ninety days after date with interest from date. A blank printed form was used and the blanks filled in on a typewriter, and in the blank space for the rate of interest after the printed word "at", the typewritten figure and words are: "7 per cent from date." There is a circle drawn around the figure 7 with a pen and ink and above it is the figure 8, also made with pen and ink. The defendants denied the execution of the note, but averred that if they did execute it it was given in renewal of a former note, dated August 3, 1912, which was given for a part of the purchase price of certain pit cars for use in the Coal Company's mines; that said cars were purchased from the Iron Works Co. by the Coal Co. under an agreement that they were to be of the same kind and in all substantial respects like cars formerly purchased

by the Coal Co. from the Iron Works Co.; alleged certain defects in the cars which could not be discovered by inspection, but which the Iron Works Co. knew, or should have known, and that the cars were practically worthless. That the cars were delivered during the year 1911 and forepart of the year 1912. That the plaintiff knew, or should have known, that said cars were defective and useless and worthless to the Coal Co., and if it purchased the note in suit it did not do so in good faith, but for the purpose of defeating the Coal Company's claim for damages against the Iron Works Co.

The defendants contend that the note is not a negotiable instrument by reason of an uncertainty in the rate of interest it bears appearing on its face, there being a conflict between the rate as inserted in the printed blank by the typewriter and that with pen and ink. The rule of construction provided by our statute (it being what is known as the Uniform Negotiable Instrument Act) is, where there is a conflict between the written and printed provisions of the instrument, the written provisions prevail. (Sub-division 4, Section 3175, Comp. Stat. 1910.) Had the figure "7" been printed in the blank as it was printed on a printing press, and the figure "8" written with pen and ink, the rule of the statute would unquestionably apply. The question here is, is that portion of this note which is typewritten to be considered as printed, or as written? When we consider what we conceive to be the reason for the rule, as laid down in the statute, and the connection in which the words "written" and "printed" are there used, we think the question is not difficult of solution. The printed form, or blank, is used for convenience and is prepared in advance of the final agreement between the parties; and when a conflicting provision is afterward inserted therein in writing, the natural and reasonable presumption is that the later and written provision expresses the true intent of the parties. The word "writing" is defined in the Century Dictionary, "Specifically, as distinguished from printing, stamping, incision, etc., the act or

art of tracing graphic signs by hand on paper, parchment, or any other material, with a pen and ink, style, pencil, or other instrument." And the word "print" is defined by the same authority, "Specifically, to stamp by direct pressure, as from the face of types, plates, or blocks covered with ink or pigments; impress with transferred characters or delineations by the exercise of force, as with a press or some other mechanical agency." And "typewriting" is defined, "The process of printing, letter by letter, by the use of a typewriter." When, as in this case, it clearly appears from an inspection of the instrument that the blank form used was "printed," using that term in its common and ordinary sense, and the blanks therein are filled in on a typewriter, and it then further appears that there is a conflict between a typewritten provision and one afterward made with pen and ink, we think the typewritten portion of the instrument must be considered as "printed" within the meaning of the statute. We do not wish, however, to be understod as holding that in all cases and under all circumstances typewriting is to be construed as printing; but that in the circumstances here presented it is to be so construed and that the rule adopted by the statute applies, and that the rate of interest in the note is not uncertain, and that it is a negotiable instrument. Nor have we overlooked the further provisions of the statute (Section 3349) with reference to the construction of words, viz: "In this chapter, unless the context otherwise requires: * * * 'written' includes printed and 'writing' includes print." To so construe those words in the case before us would render the rule prescribed by Section 3175 meaningless and of no force; and in our opinion the case comes within the exception, "unless the context otherwise requires."

The defendants further alleged in their amended answer (upon which the case was tried) that they relied upon the agreement and representations of the Iron Works Co. that the cars were like the cars purchased prior to 1911 and could be used for the purpose for which they were intended, and it was by reason of said agreement and represen-

tations that the Coal Co. was induced to buy, and did buy, said cars. As· to those allegations counsel for plaintiffs in error say in their brief: "By failure to deny, the reply of defendant in error admits the ninth paragraph of the answer." (That being the paragraph containing said allegations.) If a reply was necessary, the reply to the original answer denied the new matters set up in the answer; and we find in the record a written stipulation, signed by the attorneys for the respective parties and filed in the court below, that the reply filed to the original answer should stand as the reply to the amended· answer. That point is not, therefore, well taken.

The note being negotiable, the statute provides (Sec. 3217) : "Every holder is deemed *prima facie* to be holder in due course; but when it is shown that the title of any person who has negotiated the instrument was defective, the burden is on the holder to prove that he or some person under whom he claims acquired the title as a holder in due course." And by Section 3213 id.: "The title of a person who negotiates an instrument is defective within the meaning of this chapter when he obtained the instrument or any signature thereto, by fraud, duress, or force and fear, or other unlawful means, or for an illegal consideration, or when he negotiates it in breach of faith, or under such circumstances as amount to fraud." Assuming the allegations of· the amended answer to be sufficient to present the issue of defective title in the Coal Co. on the ground of false representations and fraud in procuring the note, the evidence, including certain testimony stricken out by the court on plaintiff's motion, is insufficient to establish those allegations. The most that can be said of it is that it tended to prove a breach of contract. It was to the effect that the Iron Works Co. agreed to furnish cars like those previously purchased by the Coal Co. from it, but failed to do so. There is an entire lack of any evidence that the plaintiff had, prior to or at the time it purchased the note, any notice or knowledge of any defect or infirmity in the note, or knowledge of such facts that in its ac-

tion in taking the instrument amounted to bad faith; which notice or knowledge was necessary to let in the defense of failure of consideration, breach of contract, or breach of implied warranty. (Ireland v. Shore (Kan.) 137 Pac. 926, 91 Kan. 326.) The finding of the District Court is general, but it must necessarily have held the note to be negotiable; and found that the defendants failed to establish fraud in the inception of the note, or notice of any infirmity or defect therein, or bad faith on the part of plaintiff as holder of the note. We think the record sustains the judgment and it, accordingly, is affirmed.     *Affirmed.*

POTTER, C. J., and SCOTT, J., concur.