WESTERN UNION TELEGRAPH CO. *v.* T. AVERY LAMB.

## (*Jackson.*   April Term, 1918 )

1. **MASTER AND SERVANT.** Injury to third person. Evidence.

To entitle plaintiff to recover, it was necessary to show that the boy who collided with him was not only in the employ of defendant telegraph company, but was acting within the scope of his employment as one of its messenger boys at the time, since conjecture cannot take the place of proof essential to plaintiff's claim.  (*Post, pp.* 110, 111.)

Cases cited and approved: Goodman v. Wilson, 129 Tenn., 464; King v. Cox, 126 Tenn., 553; Railroad v. House, 96 Tenn., 552; T. C. Ry. Co. v. Morgan, 132 Tenn., 1.

2. **MASTER AND SERVANT.** Relation and scope of employment. Proof.

Like other controverted facts, both the servant's employment and its scope can be proven by circumstances. (*Post, pp.* 110, 111.)

3. **TRIAL.** Questions for jury.

If the evidence is conflicting on material points, or diverse inferences as to material matters can be drawn from evidence not conflicting, the case is for the jury. (*Post, pp.* 110, 111.)

4. **TRIAL.** Submission of case. Evidence.

In determining whether evidence warrants submission of case to jury, the evidence must be looked to as a whole, and all reasonable inferences drawn from it favorable to plaintiff. (*Post, pp.* 110, 111.)

5. **EVIDENCE.** Failure to offer rebuttal testimony. Presumption.

Where the evidence tends to fix liability on defendant, and he has it in his power to offer evidence to rebut the unfavorable inferences which the proof tends to establish, and neglects or refuses to offer such proof, it may be inferred that the fully

developed evidence would establish liability upon his part. (*Post, pp.* 111, 112.)

Cases cited and approved: Standard Oil Co. v. State, 117 Tenn., 618; Fisher v. Insurance Co., 124 Tenn., 483.

6. **MASTER AND SERVANT.** Injury to third person. Prima-facie case.

In an action for injuries sustained by plaintiff in a collision with one of defendant telegraph company's messenger boys, riding a bicycle, whether the boy was within the scope of his employment at the time of the accident *held* for the jury. (*Post, pp.* 112, 113.)

7. **MASTER AND SERVANT.** Action for injuries. Shifting of burden of proof.

When plaintiff showed by evidence circumstances from which reasonable inferences could be drawn establishing the negligence of defendant telegraph company through its servant, and the further fact that the servant was acting within the scope of his employment at the time he committed the act from which the injury resulted, the burden shifted to defendant to exonerate itself, if it could. (*Post, p.* 113.)

---

FROM SHELBY.

---

Appeal from the Circuit Court of Shelby County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.—J. P. YOUNG, Judge.

STANTON WILSON, for appellant

G. T. FITZHUGH, for appellee.

MR. JUSTICE LANSDEN delivered the opinion of the Court.

This suit was brought by plaintiff below against the defendant to recover damages for personal injuries. The trial resulted in verdict and judgment in plaintiff's favor for the sum of $16,000. From this judgment there was an appeal to the court of civil appeals, in which court the judgment was affirmed. The case is before us upon petition for writs of *certiorari*. No question is made upon the amount of the verdict. The sole question for our consideration is whether plaintiff has proven his case in such a degree of certainty as to have it decided by the jury.

Plaintiff was walking on the east side of Main street in the city of Memphis, and was about crossing Monroe street at the regular crossing. He had just stepped off the sidewalk along Main street, and had taken two or three steps going south, and reached a point six or seven feet from the north curbing of Monroe street, within the limits of the Main Street sidewalk, if extended, when he was run into by a boy upon a bicycle and seriously injured. Plaintiff avers that this boy was in the employ of the defendant and was in his line of duty at the time of the injury. The negligence of the boy in running against plaintiff is not denied.

The plaintiff testified that the boy that collided with him was riding a bicycle, and wore a cap upon his head with the words "Western Union" upon it, and also a number. It was shown by another witness

who saw the accident that the boy had on a Western Union cap and a Western Union uniform. It was also shown that the custom of defendant in the city of Memphis was to have its messenger boys wear caps and uniforms of a distinguishing color and with the words "Western Union Messenger Service" printed on the cap. The office of defendant was located on the southeast corner of Monroe street, and the boy that collided with plaintiff passed directly from the point of collision to the side entrance of this office. He parked his bicycle at a place in the side street where the messenger boys of the defendant usually kept their bicycles while not in use. He was seen in and about the office of defendant, wearing its cap and uniform, for more than a year before the accident and for several months after the accident. The traffic policeman at the corner of Main and Monroe knew him well by sight, and says that he frequently saw this boy going in and out of the defendant's office with his cap, uniform, and bicycle, carring a pad provided by the defendant for its messenger boys while receiving and delivering messages. The defendant's messenger boys customarily travel on bicycles in delivering and receiving messages for its customers. Other boys passed in and out of the offices of the defendant, delivering and receiving messages, with similar uniforms and bicycles.

It is well settled in this State that conjecture cannot take the place of proof in making out plaintiff's claim of liability against the defendant. It is neces-

sary for the plaintiff to show, in order to enable him to recover, that the boy who collided with him was not only in the employ of the defendant, but was acting within the scope of his employment as one of its messenger boys, at the time. *Goodman* v. *Wilson,* 129 Tenn., 464, 166 S. W., 752, 51 L. R. A. (N. S.), 1116. But this does not mean that plaintiff must adduce direct evidence of these facts. Like all other controverted questions of fact, both the employment and its scope can be proven by circumstances. 1 Mechem on Agency, section 261. And if the evidence is conflicting on material points, or diverse inferences as to material matters can be drawn from the evidence not conflicting, the question cannot be decided by the court, but must go to the jury. *King* v. *Cox,* 126 Tenn., 553, 151 S. W., 58. Likewise the evidence must be looked to as a whole, and all reasonable inferences drawn from it favorable to plaintiff. *King* v. *Cox,* supra; *Railroad* v. *House,* 96 Tenn., 552, 35 S. W., 561; *T. C. Ry. Co.* v. *Morgan,* 132 Tenn., 1, 175 S. W., 1148.

Another rule of evidence, which is often resorted to to explain incomplete knowledge, is that where the evidence tends to fix liability on the defendant, and if he has it in his power to offer evidence to rebut the unfavorable inferences which the proof tends to establish, and neglects or refuses to offer such proof, it may be inferred from the facts shown that the fully developed evidence would establish liability upon his part. *Standard Oil Co.* v. *State,* 117 Tenn.,

618, 100 S. W., 705, 10 L. R. A. (N. S.), 1015; *Fisher v. Insurance Co.,* 124 Tenn., 483, 138 S. W., 316, Ann. Cas., 1912D, 1246, Ann. Cas., 1913A, 203.

We think that the facts recited in this opinion make a *prima-facie* case of negligence. It is a reasonable explanation of the conduct of the messenger boy in going directly to the office of the defendant, and parking his bicycle at the usual place, used for such purposes, that he had been on an errand for the company; and there is no other reasonable explanation of his wearing the livery of defendant in and about defendant's office for so long a period as twelve months than the fact that the boy was in the service of defendant. It is established from these circumstances almost beyond reasonable doubt that this boy was in the employ of defendant for the purpose of receiving and delivering messages. From the added fact of the boy passing immediately from the scene of the accident to the offices of defendant, the jury were warranted in inferring that the boy was on the business of his employer. At all events, we cannot say as a matter of law that he was not so engaged. It is urged upon us that the facts that the accident occurred about 1:30 p. m., and that the boy did not have a pad at the time, show that he was returning from lunch. These facts may tend to indicate that such was the case, but certainly it cannot be said that they conclusively demonstrate it. They are open to the inference that the boy was returning from delivering a message, or was in the performance of some other duty.

The proof by plaintiff of the foregoing facts made a *prima-facie* case of liability. If the truth was not with the inference which was drawn by the jury from these facts, it lay within the power of defendant to explain fully what the truth was, and to show its exact connection with the accident. If it were true that boy was not within the scope of his duty at the time, or that he was not in its employment, this could have been shown beyond reasonable doubt, and defendant could have been fully exonerated. *Standard Oil Co.* v. *State,* supra; *Fisher* v. *Insurance Co.,* supra.

Nor do we think the duty was upon plaintiff to furnish this full explanation for defendant. Defendant's learned counsel insists that plaintiff should have introduced the superintendent of defendant, or some other witness under defendant's control, and have shown the exact connection defendant had with the accident. We think the plaintiff was under no such duty. When he showed by evidence circumstances from which reasonable inferences could be drawn establishing the negligence of defendant through its servant and the further fact that the servant was acting within the scope of his employment at the time he committed the act from which the injury resulted, the burden then shifted to defendant to exonerate itself, if it could. These statements are so elementary that citation of authorities is not needed to sustain them, but we believe that the cases cited above fully justify the conclusions drawn.

Writ denied.