## GOOD v. TENNESSEE COACH CO.—209 S. W. (2d) 41.

Middle Section.    December 6, 1947.

Petition for Certiorari denied by Supreme Court, March 5, 1948.

576

Geo. S. Buckner, of Murfreesboro, for plaintiff.

Alfred B. Huddleston and Clarence L. Cummings, both of Murfreesboro, and Manier & Crouch, of Nashville, for defendant.

FELTS, J.   Plaintiff and his horse were struck by a bus, and he brought this action for damages.   At the close of the evidence for plaintiff defendant's motion for a directed verdict was overruled, and it offered no proof but stood on its motion.   There was a verdict and judgment for plaintiff for $8,950—$8,500 for the injuries to his person and $450 for the loss of his horse.   Defendant appealed in error and insists that a verdict should have been directed for it.

The accident occurred about 8:30 A. M. March 15, 1946, at a point some eight miles east of Murfreesboro on the highway leading from Murfreesboro to Woodbury. According to the evidence for plaintiff, he was riding his horse and leading a mule west along the gravel shoulder on his right or the north side of the highway.   As he was approaching the crest of a hill and meeting a truck coming east, the bus, overtaking and passing this truck, turned to its left or the north side of the highway, ran over on the shoulder, struck plaintiff and his horse, killed the horse, and seriously injured plaintiff.

The bus stopped and the driver got out. At about the time the bus stopped two trucks going west and another going east stopped, and the occupants got out, saw the bus and the driver, and saw plaintiff and the horse lying on the side of the road. Plaintiff was taken in one of these trucks to a hospital in Woodbury, and the bus proceeded on to Woodbury. These witnesses at the scene described the appearances, identified the bus as defendant's but none of them got its license number.

· Defendant makes no question upon the amount of the verdict or the negligent operation of the bus. Its sole insistence is that, there being no proof of registration, the evidence for plaintiff was insufficient to make a prima facie case of respondeat superior or the relation of master and servant—insufficient to permit the jury to find that the bus was being operated by its servant in its business at the time of the accident.

█ We must take the strongest legitimate view of the evidence in favor of plaintiff, construe it most favorably to him, and indulge all reasonable inferences to uphold the verdict. Western Union Tel. Co. v. Lamb, 140 Tenn. 107, 203 S. W. 752; Wildman Mfg. Co. v. Davenport Hosiery Mills, 147 Tenn. 551, 249 S. W. 984; Osborn v. City of Nashville, 182 Tenn. 197, 185 S. W. (2d) 510. Upon such a view of the evidence, we find it tended to prove these circumstances.

The highway between Murfreesboro and Woodbury is a main, much traveled thoroughfare, and is designated as U. S. Highway No. 70-S and Tennessee Highway No. 1. The evidence was that the defendant, Tennessee Coach Company, daily operates a regular schedule of passenger service over this highway, using large busses suitable

for this purpose. It has a regular bus stop or station in Woodbury.

Plaintiff said the bus which struck him was one of the busses of defendant and of the same kind that he had been seeing operated by defendant daily upon this highway. Two or three other witnesses, who were at the scene and saw the bus while it was stopped there, likewise identified it. They saw upon its side the name "Tennessee Coach Company." They also saw a man there with a uniform on similar to the uniform regularly worn by defendant's bus drivers. This same man was later seen by some of the witnesses with the bus, while it was stopped at defendant's regular bus stop in Woodbury.

One of the witnesses at the scene, Forrest Tassey, saw the name "Tennessee Coach Company" on the side of the bus. On his cross examination he said: "A. Well, I have rode with the driver and I knew he was a Tennessee Coach driver and I also know that the bus is a Tennessee Coach, and I ride them all the time."

At the place of the accident, while the bus was stopped there, some of the witnesses saw that there were "passengers" or people in the bus. The witness Rollins said: "Q. Now, were there any passengers on this bus, any people riding in it? A. I think there was some, I don't know how many." The witness Tassey said: "Q. Did you see any people in the bus? A. There were several people on the bus."

Don Kelley, a member of the State Highway Patrol, was notified of the accident by telephone. He immediately went from Murfreesboro to the scene, and saw the dead horse, the dual tire tracks, and the broken glass there. He then proceeded on to Woodbury, and saw defendant's bus stopped at its regular stopping place. The

left front headlight was broken out, and there was a dent in the left front of the bus. He also noticed on the front hairs apparently like those of the horse.

Other witnesses saw the man with the bus at Woodbury with the driver's uniform on, and identified him as the man they had seen at the place of the accident. The State Highway Patrolman talked to this driver about the accident, but, of course, was not permitted to relate anything that was said in their conversation.

In their brief learned counsel for defendant say that the evidence of defendant's name upon this bus permitted an inference of defendant's ownership of the bus, that from this inference of ownership there may also be a statutory presumption that the bus was being used with the owner's permission, but that this is as far as the inferences and presumptions go, because there was no proof of registration and no statutory presumption that the bus was at the time being operated and used in defendant's business.

We cannot follow this argument. These statutes, Code, Secs. 2701, 2702, making proof of ownership of a motor vehicle prima facie evidence that it was being operated with the owner's consent, and making proof of its registration prima facie evidence that it was being operated by the owner or his servant in his business, merely added a new and easier mode of proof of the master-servant relation between the owner and the driver of such a vehicle.

They did not affect the pre-existing general rule of the common law that such proof could be made by circumstantial evidence. That common law rule was, and still is, that a prima facie case of respondeat superior, or the relation of master and servant, may be made

by evidence of these circumstances: (1) that defendant was owner of the offending vehicle; (2) that it was being operated by a person generally employed by the owner as his servant; and (3) that at the time of the accident the vehicle was being operated under conditions resembling those which normally attended its operation in the master's business. Frank v. Wright, 140 Tenn. 535, 205 S. W. 434; Western Union Tel. Co. v. Lamb, 140 Tenn. 107, 203 S. W. 752; cf: Davis v. Newsome Auto Tire and Vulcanizing Co., 141 Tenn. 527, 213 S. W. 914; East Tennessee & Western North Carolina Motor Transp. Co. v. Brooks, 173 Tenn. 542, 121 S. W. (2d) 559.

It is true these circumstances cannot be made out by conjecture or speculation, but must be proved by evidence. Such evidence, however, need not rise to that degree of certainty which will exclude every other reasonable conclusion. It is enough if such evidence make out these circumstances as the more probable hypothesis —if the balance of the probabilities preponderate in favor of such circumstances. Bryan v. Aetna Life Ins. Co., 174 Tenn. 602, 130 S. W. (2d) 85; New York Life Ins. Co. v. Nashville Trust Co., 178 Tenn. 437, 451, 159 S. W. (2d) 81, 86; Law v. Louisville & N. R. Co., 179 Tenn. 687, 698-701, 170 S. W. (2d) 360; Phillips v. Newport, 28 Tenn. App. 187, 201, 202, 187 S. W. (2d) 965, 970, 971.

We think the evidence before us was sufficient, in point of law and reason, to permit the jury to find that at the time of this accident the bus was being operated by defendant's servant in its business. There was evidence to support each of the three circumstances above stated.

(1) The fact that defendant's name was on the bus renders it highly probable—practically certain—that defendant was the owner of the bus. (2) The testimony of Tassey and of the other witnesses proved by a great preponderance of probability—almost beyond a reasonable doubt—that the driver of this bus was defendant's regular driver and its servant employed by it to operate the bus. (3) The evidence showed, with reasonable certainty, that the conditions under which the bus was being operated at the time of the accident were the same as those which normally attended its operation in defendant's business.

Learned counsel for defendant, however, argue that there was no evidence, testimonial or circumstantial, as to the origin or the destination of this journey of the bus; that there was no direct or testimonial evidence as to the nature of defendant's business or the conditions which normally attended the use of the bus in its business; that from the circumstances in evidence it is not a permissible mode of reasoning to infer, first, the nature of defendant's business and the conditions which normally attended the use of vehicles in such business, and from that inference to infer, second that the conditions shown at the time of the accident were the same as those which normally attended the use of the bus in defendant's business; that this would be "like inferring A from B and then inferring B from A in order to give to B any vitality"; that is, it involves the fallacious process of reasoning in a circle.

The courts have often responded to this kind of objection to the use of circumstantial evidence. As we have often said, a fact may be inferred from circumstantial evidence and such fact may be the basis of a

further inference to the ultimate or sought-for fact. Stone & Roofing Co. v. Vaughn, 7 Tenn. App. 170, 178, Nashville Gas & Heating Co. v. Phillips, 17 Tenn. App. 648, 664, 69 S. W. (2d) 914. Nowhere has such an objection been better answered than in the case of Grant v. Australian Knitting Mills, Ltd., 1936 A. C. 85. That was a suit against a manufacturer for negligently leaving an excess of "free sulphites" in underwear, which caused plaintiff to have "dermatitis." Delivering the judgment of the House of Lords, Privy Council, Lord Wright said: "Mr. Greene, for the respondents, quite rightly emphasized how crucial it would have been for the appellant's case to prove, by positive evidence, that in fact the garments which the appellant wore contained an excess of free sulphites. He contended that the appellant's case involved arguing in a circle; his argument, he said, was that the garments must have caused the dermatitis because they contained excess sulphites, and must have contained excess sulphites because they caused the disease; but nought, he said, added to nought still is no more than nought. This, however, does not do justice either to the process of reasoning by way of probable inference which has to do so much in human affairs, or to the nature of circumstantial evidence in law courts. Mathematical, or strict logical, demonstration is generally impossible: juries are in practice told that they must act on such reasonable balance of probabilities as would suffice to determine a reasonable man to take a decision in the grave affairs of life. Pieces of evidence, each by itself insufficient, may together constitute a significant whole, and justify by their combined effect a conclusion."

We think the circumstances here make the case for plaintiff much stronger than would be the case if the

offending vehicle had been an ordinary truck or automobile and not a large passenger bus. Such a truck or automobile is suitable for many private or personal uses, and is often loaned or hired for purposes other than those of the owner's business; but such a large passenger bus is hardly suitable for any purpose except that of the owner's business—the business of a common or public carrier of passengers under regulations of the State Railroad and Public Utilities Commission.

In the case of such an automobile or truck it would ordinarily require stronger evidence to negative the relation of bailor and bailee and prove that of master and servant between the owner and the operator than would be required in the case of a large passenger bus like the one here involved. In addition, as we have seen, this bus was at the time actually carrying passengers over the same highway and in the same manner in which defendant was daily engaged in its business of carrying passengers.

Defendant strongly relies on Motor Transp. Co. v. Brooks, 173 Tenn. 542, 121 S. W. (2d) 559. The facts of that case differentiate it from the case before us. There defendant put on its proof. It showed that its truck had not struck the deceased, that its truck was of a different description from that which had struck her, and that it did not operate any trucks of that description over that highway. Upon this positive showing by defendant, there being no proof of registration, the Court held that the evidence fell short of making a prima facie case of respondeat superior.

Finally, it is proper to observe that the verdict of the jury in the case before us derives additional support from defendant's failure to put on any proof. If

the inferences drawn by the jury from the circumstances were not the truth, it lay within the power of defendant to explain fully what the truth was, and to show it had no connection with the accident, if that was the truth. Western Union Tel. Co. v. Lamb, 140 Tenn. 107, 113, 203 S. W. 752; National Life & Accident Ins. Co. v. Morrison, 179 Tenn. 29, 41, 162 S. W. (2d) 501; Kurn v. Weaver, 25 Tenn. App. 556, 567, 161 S. W. (2d) 1005; Martin v. Miller Bros. Co., 26 Tenn. App. 110, 168 S. W. (2d) 187; Vogue, Inc. v. Cox, No. 7, 28 Tenn. App. 344, 190 S. W. (2d) 307.

. All of the assignments of error are overruled. The judgment of the circuit court is affirmed. A judgment will be entered here for the amount of the judgment below and interest. The costs are adjudged against defendant and the surety on its appeal bond.

Howell and Hickerson, JJ., concur.