CHARLES JONES, d/b/a Orange Mound Undertaking Co.,
v. GEORGE P. AGNEW, Father and Next of Kin of Mary
Jane Agnew.

(*Jackson,* April Term, 1954)

Opinion filed December 16, 1954.

500

HAROLD R. RATCLIFF and PATRICK JOHNSON, both of Memphis, for plaintiff.

HUNTER LANE, of Memphis, for defendant.

MR. JUSTICE SWEPSTON delivered the opinion of the Court.

The petition for certiorari in this case is denied and we concur in the reasoning of the opinion of the Court of Appeals except for the existence of what we deem to be an error in the opinion of that Court with reference to the second element of the rule of circumstantial evidence quoted on page four of the opinion of that Court from the case of *Good* v. *Tennessee Coach Co.*, 30 Tenn. App. 575, 209 S. W. (2d) 41, 44; that is,

"*(2)* that it was being operated by a person generally employed by the owner as his servant".

On page five of the opinion of that Court it is said in part,

"In the case at Bar the defendant Jones admitted owning the ambulance; he admitted that Brown

was regularly employed by him; and the proof is clear that at the time of the accident the ambulance was being operated under conditions resembling those which normally attend its operation in Jones' business. We think these facts make out a prima facie case of respondeat superior. * * *''

■ The error in that statement, as we see it, is that without the aid of the statutory presumption there is no evidence, whatever, in this case that Brown ever drove or was ever permitted to drive an ambulance or other vehicle of the defendant on any other occasion; the fact that he was generally employed in some other capacity about the business premises would by no means establish the appearance or belief that he was generally employed as a chauffeur of automotive vehicles; even the apparent scope of authority would be lacking. Examination of the cases cited in *Good* v. *Tenn. Coach Co.,* supra, supporting the rule will disclose that in *Frank* v. *Wright,* 140 Tenn. 535, 205 S. W. 434, the driver was the regularly employed chauffeur of Frank. In *Western Union Telegraph Co.,* v. *Lamb,* supra, 140 Tenn. 107, 203 S. W. 752, the boy on the bicycle was regularly employed as a messenger boy wearing the usual sign on his cap, ''Western Union Messenger Service'' and he customarily rode a bicycle in performing the duties of his employment and had been so doing for a number of years before the accident. In *Good* v. *Tenn. Coach Co.,* there was testimony of witnesses that the driver of the bus was defendant's regular driver operating the bus. In *McMahan* v. *Tucker,* 31 Tenn. App. 429, 216 S. W. (2d) 356, the employee Griffin was on previous occasions frequently seen driving the truck of the defendant, his employer. In *Davis* v. *Newsome Auto Tire & Vulcanizing Co,* 141 Tenn. 527, 213 S. W. 914, there was no proof other than that the car

belonged to defendant and it was held that that fact did not justify the inference that the driver was on the business of the master.

In discussing the scope of employment in 57 C. J. S., Master and Servant, Sec. 615, p. 393, in Note 52, after citing two Tennessee Appeals cases, the case of *Halkias* v. *Wilkoff*, 141 Ohio St. 139, 47 N. E. (2d) 199, is abstracted as follows:

> "Where it is shown that defendant owned instrumentality causing injury and that person operating instrumentality was defendant's employee, and that he was employed generally in defendant's business to operate such instrumentality, a rebuttable inference arises that operator was acting within scope of his authority; but no such inference can arise in absence of proof that operator was employed for that purpose."

Hence, the second element of the rule stated in *Good* v. *Tenn. Coach Company* should be,

> "* * * that it was being operated by a person generally employed by the owner as his servant in the operation of such instrumentality."

Nevertheless, the Trial Court was correct in not directing a verdict because of the statutory presumption and in refusing to hold as a matter of law that the statutory presumption disappeared from the case by reason of the fact that those witnesses testified that Brown had no authority to drive the ambulance, because their testimony was contradicted as to some material matters.

The verdict of the jury is, therefore, supported not only by the statutory presumption but also by the fact that there is material evidence to support the theory that the ambulance driver, Duckett, was guilty of negligence

in permitting Brown, an incompetent driver, to drive the ambulance, as stated by the Court of Appeals. For the opinion of the Court of Appeals see 274 S. W. (2d) 821.

Petition for certiorari is, therefore, denied with the above observations.