# MARY COWAN ZANOLA and ANGELO L. ZANOLA v. MARIE HALL and WILLIAM DAVIS.—307 S. W. (2d) 941.

Western Section. July 27, 1957.

Rehearing Denied November 1, 1957.

Petition for Certiorari Denied by Supreme Court December 6, 1957.

300

Frank C. Byrd, of Byrd, Hoffman, & Summers, Memphis, for plaintiffs in error.

Glenn M. Elliott, Memphis, for defendants in error.

BEJACH, J. We have before us, on Writ of Error, two causes from the Circuit Court of Shelby County, viz., that of Mary Cowan Zanola v. Marie Hall and William Davis, and that of Angelo L. Zanola v. the same defendants. These causes were tried together in the lower court and are before us on one bill of exceptions. For convenience, the parties will be styled, as in the lower court, plaintiffs and defendants, or called by their respective names.

Before considering these causes on their merits, we must first dispose of a motion made by defendants below,

Marie Hall and William Davis, "to dismiss the appeal herein, and/or strike the petition for writ of error, assignments of error and the transcript herein filed." Five grounds are assigned for this motion, as follows:

"1. If the cause purports to be before this Court by way of appeal, it does not appear from the record that an appeal was perfected in the court below.

"2. If the cause purports to be before this Court by way of writ of error it does not appear that plaintiffs in error have complied with Rule 24 of the Rules of this Court with respect to the preparation, presentation, service and notice of petition for writ of error.

"3. Because the transcript filed herein does not comply with Rule 4 of the Rules of this Court in that same is neither typewritten nor printed. Said rule prohibits the use of carbon copies and the transcript herein filed was prepared (by) utilization of some reproducing process from which it cannot be ascertained whether the material purportedly reproduced was an original or carbon copy, and is, in any event, more illegible than a carbon copy would be.

"4. Because it does not appear that any bill of exceptions has ever been filed with the clerk of the Circuit Court of Shelby County.

"5. Because it does not appear that the purported bill of exceptions tendered to the trial judge contained all the evidence and it affirmatively appears that such, in fact, did not and does not contain all the evidence.

"(a) The trial judge did not certify (Transcript Page 86) that the tendered bill of exceptions contained all the evidence, but it does appear by addition at Page 83 of the transcript, following the action of the court below in sustaining motion for directed verdict, and before presentation and disposition of motion for new trial 'this was all the evidence in the case material to the issues raised on appeal.'

"(b) Because it affirmatively appears that the witnesses referred to charts, plats or diagrams which have not been made a part of the record in the cause (Transcript Pages 58-59; 73).

"(c) Because it affirmatively appears that testimony was adduced upon trial of the cause which is not a part of the record in this Court and was not a part of the purported bill of exceptions tendered to the trial judge (Transcript Pages 62, 64, 65, 77, 81)."

Ground Number 1 of this motion has been abandoned, because it is conceded that the cause is properly before this Court on writ of error.

Ground Number 2 of the motion has been waived, after it was made to appear in the answer to said motion that actual notice was given to defendants' attorney by letter, carbon copy of which is attached to said answer.

Ground Number 3 of the motion is, in our opinion, without merit. The use of a reproducing process in making up the bill of exceptions is, in our opinion, within the meaning of the term "printed". The word "print", as a verb, of which "printed" is the past tense, is defined in Black's Law Dictionary as follows:

"To stamp by direct pressure as from the face of types, plates or blocks covered with ink or pigments or to impress with transferred characters or delineation by the exercise of force as with a press or mechanical agency. Acme Coal Co. v. Northrup National Bank of Iola, Kansas, 23 Wyo. 66, 146 P. 593, L. R. A. 1951D, 1084."

The word "printing" is defined in Black's Law Dictionary, as follows:

"The impress of letters or characters upon paper, or upon other substance;—implying a mechanical art. Daly v. Ber[e]ry, 45 N. D. 287, 178 N. W. 104, 106. The art of impressing letters; the art of making books or papers by impressing legible characters. Arthur v. Moller, 97 U. S. 365, 24 L. Ed. 1046; Le Roy v. Jamison, 15 Fed. Cas. page 373, No. 8,271; Forbes Lithograph Mfg. Co. v. Worthington, C. C. Mass., 25 F. 899, 900."

The reproduction used in making up the bill of exceptions in this cause is certainly not, itself, a carbon copy; and, if it be objected to on the ground that it is a reproduction of a carbon copy, use of which is prohibited by Rule 4 of the Rules of this Court, in our opinion, the burden should be on the party making such objection to show that the reproduction is from a carbon copy. This, defendants have not undertaken.

The fourth ground of the motion has been waived by a letter written to the Clerk of this Court by counsel for the defendants.

The fifth ground of the motion is, in our opinion, without merit.

The bill of exceptions, as actually filed, contains the certificate of the trial judge, "This was all the evidence in the case material to the issue raised on appeal."

■ The policy of counsel for the plaintiffs of eliminating from the record presented to this Court immaterial matters, and thus abridging the record, violates no rule of this Court and is an affirmative compliance with Rule 1 of the rules of the Supreme Court which requires the abridgement of records whenever practicable. This policy is, in our opinion, commendable rather than objectionable. The elimination of the testimony bearing on the nature, character and extent of injuries to plaintiffs, or on the amount of medical bills incurred, could be of no assistance to this Court in determining whether or not the trial judge should have submitted to the jury the question of whether or not plaintiff's injuries were caused by negligent acts of the defendants. If any of the testimony omitted throws any light on this issue, counsel for defendants had the opportunity of insisting that same be included, along with that presented in the bill of exceptions as prepared by counsel for the plaintiffs. The same is true of the charts, plats, and diagrams which counsel for defendants says have not been included in the bill of exceptions; and especially so, since it appears that these were the property of defendants and in the possession of counsel for defendants.

For these reasons, we think the motion of counsel for defendants in error should be overruled and disallowed.

■ The objection that it could not be known in advance what questions would be presented on appeal, is, in our opinion, equally without merit. Counsel for plaintiffs, in preparing the bill of exceptions, certainly

knew what question or questions he intended to present on appeal; and, if other questions were to be raised by counsel for defendants, he had his opportunity, then and there, to raise same and require additional parts of the record, if necessary, to be preserved for proper presentation of such additional questions.

As actually appears to this Court, on defendants' presentation of the case, there is only one question raised, and only one assignment of error filed, which raises this one question, viz.,

"It was error for the trial judge to direct a verdict in favor of the defendants in this cause in view of the testimony of plaintiffs as to how said accident occurred."

■ For the purpose of passing on this assignment of error, it devolves upon us, therefore, to examine the evidence preserved in the bill of exceptions, in order to determine whether or not the trial judge erred in granting a directed verdict at the end of plaintiffs' testimony. In making such examination of this evidence, this Court must, of course, take the view which is most favorable to the plaintiffs. Lackey v. Metropolitan Life Ins. Co., 30 Tenn. App. 390, 397-398, 206 S. W. (2d) 806, 810; Prudential Ins. Co. of America v. Davis, 18 Tenn. App. 413, 429, 78 S. W. (2d) 358, 368; Wildman Mfg. Co. v. Davenport Hosiery Mills, 147 Tenn. 551, 249 S. W. 984; Tennessee Cent. R. Co. v. McCowan, 28 Tenn. App. 225, 188 S. W. (2d) 931; Tyrus v. Kansas City, Ft. S. & M. R. Co., 114 Tenn. 579, 86 S. W. 1074; Smith v. Sloan, 189 Tenn. 368, 225 S. W. (2d) 539, 227 S. W. (2d) 2; Chapman v. Evans, 37 Tenn. App. 166, 261 S. W. (2d) 132; Good v. Tennessee Coach Co., 30 Tenn. App. 575,

209 S. W. (2d) 41; Jarratt v. Clinton, 34 Tenn. App. 670, 241 S. W. (2d) 941; Osborn v. City of Nashville, 182 Tenn. 197, 185 S. W. (2d) 510.

We have here two suits tried together, being that of Mary Cowan Zanola v. Marie Hall and William Davis, and that of Angelo L. Zanola, husband of Mary Cowan Zanola, v. Marie Hall and William Davis. The declarations in these two cases are substantially identical except for the description of the personal injuries to Mrs. Zanola, consisting of injuries to her face, mouth and teeth; while that of Mr. Zanola refers to doctors' bills and expenses incurred in connection with treatment of Mrs. Zanola's injuries. These declarations are in three counts.

The first count alleges common law negligence, in that it charges that the defendant, William Davis, as agent and representative of defendant, Marie Hall, wrongfully and negligently drove her automobile against the automobile of Mr. Zanola.

The second count charges that defendant Davis, as the agent of defendant Marie Hall, wrongfully made a left turn to the West, across E. Parkway S., and across the southbound line of traffic of which Mr. and Mrs. Zanola's automobile was a part, while they had the green light and were proceeding properly.

Count three of the declarations charges violation of a City Ordinance of the City of Memphis regulating the making of left turns, and of a City Ordinance prohibiting reckless driving.

The accident involved in this cause occurred at the corner of E. Parkway S. and Central Avenue in the

City of Memphis, Tennessee, on the night of November 20, 1954, while plaintiffs were returning from the Christmas Parade, which they had witnessed that evening.

Both defendants filed pleas of not guilty. Subsequently, defendants filed special pleas in which the various allegations of plaintiffs' declarations are taken up separately and denied in detail.

Plaintiffs later amended their declarations by alleging violation on the part of defendants of an ordinance of the City of Memphis which provides:

"The driver of any vehicle who intends to start, stop or turn, or partly turn from a direct line, shall first see that such movement can be made in safety and whenever the operation of any other vehicle may be affected by such movement, shall give a signal required in this section, plainly visible to the driver of such other vehicle of his intention to make such movement."

The only testimony offered was that of plaintiffs, Angelo L. Zanola and Mrs. Mary Cowan Zanola. As stated above, the only part of their testimony which is preserved in the bill of exceptions is that which gives their version of how the accident occurred.

The substance of plaintiffs' testimony as to how the accident occurred is that they were driving in a center lane of four continuous lines in southbound traffic, cars being in front of them, on both sides of them, and to the rear of them; that they were following ten to fifteen feet behind the car immediately ahead of them; and that suddenly they noticed defendants' car immediately in front of them, but too late to avoid the collision, even

though Mr. Zanola, who was driving, put on the brakes, which were in good working order, and tried to avoid the collision.

The defendant Marie Hall's car was hit on its right side near the rear, after it had entered the west lane for traffic, leaving only the rear part of said automobile in the traffic lane occupied by Mr. Zanola.

Plaintiffs do not testify to a single fact with respect to defendant's automobile or its method of operation, except that it was in front of plaintiffs and that they hit it. They do not say whether it was going straight or turning, whether it was moving or standing still. No single act of negligence charged against defendants in plaintiffs' declarations is testified to by either Mr. or Mrs. Zanola. So far as their testimony on the subject is concerned, the defendant's automobile might have suddenly dropped out of the sky at that point.

At the end of plaintiffs' proof, defendants made a motion for a directed verdict which was granted by the trial judge. Subsequently, plaintiffs made a motion for a new trial which was overruled. The record is now presented here, with plaintiffs' contention that the cause should be reversed because of the trial judge's error in granting the defendants' motion for a directed verdict.

We find no error in this ruling of the trial judge.

As was said by Felts, J., speaking for the Middle Tennessee Section of the Court of Appeals in Hooper v. Starkey, 41 Tenn. App. 633, 297 S. W. (2d) 948, 949:

"Plaintiff must recover, if at all, upon the negligence charged."

In the instant case, as is stated above, no single act of negligence charged in plaintiffs' declarations against defendants was testified to by either of the plaintiffs. In addition, since plaintiff Angelo Zanola gave no explanation of how defendants' automobile reached the spot where it was hit by plaintiffs' automobile, and testified that he did not see it until his wife said, ''Look out!'', we think it is clear that, on his own testimony, he was guilty of contributory negligence, in that he did not keep a proper lookout ahead and to his left side. If Mr. Zanola had kept such lookout, the defendant's automobile could not possibly have arrived at the point where it was struck by plaintiff's automobile, without Mr. Zanola having seen same. Consequently, on his own testimony, and, taking the view of same most favorable to him, Mr. Zanola was guilty, as a matter of law, of contributory negligence which caused or proximately contributed to the accident involved in this cause.

Counsel for plaintiffs insist that the mere proof of the physical presence of defendant's automobile in the line of traffic in which plaintiffs were driving is sufficient to establish as a fact that it had been driven there by one of the defendants, and that from this fact the jury should have been permitted to infer that it had been negligently driven to that place. In support of this contention they cite and rely on the case of Hopson v. State, 201 Tenn. 337, 299 S. W. (2d) 11, 13. That was a case in which the conviction of Rosie Lee Hopson for driving while intoxicated was affirmed. One of the defendants' contentions, on appeal, was that the corpus delicti had not been proved, because there was no testimony to establish that the automobile there involved had been driven from the street to the place where it came to rest.

In disposing of this contention, the Supreme Court, speaking through Mr. Justice Tomlinson, said:

"This car had to be driven from some place to the point where it came to rest after striking the objects mentioned. The undisputed evidence is that the only place from which it was possible to so drive it was one of the two streets mentioned. Moreover, a policeman, who arrived not more than fifteen minutes after this collision, testified that an automobile track led from the wheel of this standing still automobile back 120 feet to Winchester Street."

Applying this language to the facts of the instant case, we think that it would be fairly inferred that the defendant's automobile had been driven to the place where it was struck by the plaintiffs' automobile, but not that it had been negligently driven there, as is alleged in plaintiffs' declarations. Furthermore, even if it could be inferred from the proven fact of its being there, that it had been negligently driven there by defendant Davis, that still would not eliminate the obvious fact that it could not have been driven there at all without plaintiffs having seen it approaching, if they had kept a proper lookout ahead and to their left.

For the double reason, therefore, that no act of negligence alleged in plaintiffs' declarations is proved against defendants or either of them, and, also, because Mr. Zanola, as a matter of law, must be held guilty of contributory negligence, it necessarily follows that the trial judge's ruling which granted the defendants' motion for a directed verdict must be affirmed.

The costs of the appeal will be adjudged against the plaintiffs.

Avery, P. J. (Western Section), and Carney, J., concur.

## On Petition to Rehear.

█ We have had presented to us, in this cause, a petition entitled "Petition to Court of Appeals to Reconsider Its Judgment on Its Own Motion", filed in this Court Oct. 17, 1957. This petition will be treated by us as a petition to rehear.

█ Under the provisions of Rule 22 of the rules of this Court, all petitions for rehearing must be filed within 10 days after the opinion of the Court is filed; and, since the opinion of this Court, rehearing of which is sought, was filed July 25, 1957, it is obvious that the petition is filed too late and must be denied. There is another reason why said petition should be denied, on its face, without examination of the merits of same, which is that the petitioners have heretofore filed with the Supreme Court a petition for certiorari in this cause. We think that petitioners could not, in any event, be entitled to pursue concurrently their effort to have the Supreme Court reverse the action of this Court and an effort to have this Court, either on its own motion or otherwise, reconsider the action which it has taken in this cause.

In spite of our refusal to consider this petition for rehearing on its merits, however, we think it states no ground which should, in any event, cause this Court to reconsider the action which it has heretofore taken in this cause. The ground for reconsideration set out in

the petition is that on the same day this Court's opinion was filed in this cause, to wit, July 25, 1957, this Court, in the case of Holloway v. Kinsey, —— S. W. (2d) ——, filed an opinion which is contradictory. The alleged contradiction is said to consist of a ruling in the Zanola case that the plaintiffs were as a matter of law guilty of contributory negligence while driving down a center lane of traffic on East Parkway in Memphis, Tennessee; whereas, in the Holloway case, the opinion of this Court said, ''Certainly we can not say that the plaintiff was guilty of contributory negligence as a matter of law in traveling down the center lane of the west half of Main Street.'' In the first place, the factual situations in the Zanola case and the Holloway case were entirely different. In the Holloway case, the evidence had been submitted to a jury, and the jury had returned a verdict in favor of the plantiffs; whereas, in the Zanola case, the trial judge, with whose opinion this Court agreed, had thought there was not enough evidence to justify submitting the issues to a jury. Furthermore, even if this Court were wrong in ruling in its opinion in this case filed July 25, 1957, that plaintiffs Mary Cowan Zanola and Angelo Zanola, were as a matter of law, guilty of contributory negligence, it would not change the result of the case even if we did reconsider that particular ruling. As was stated in our opinion in the case filed July 25, 1957, ''We think it could be fairly inferred that the defendants' automobile had been driven to the place where it was struck by the plaintiff's automobile, but not that it had been negligently driven there, as is alleged in plaintiffs' declarations. Furthermore, even if it could be inferred by the proven fact of its being there, that it had been negligently driven there by de-

fendant Davis, that still would not eliminate the obvious fact that it could not have been driven there at all without plaintiffs having seen it approaching, if they had kept a proper lookout ahead and to their left. For the double reason, therefore, that no act of negligence alleged in plaintiffs' declarations is proved against defendants, or either of them, and, also, because Mr. Zanola, as a matter of law, must be held guilty of contributory negligence, it follows necessarily that the trial judge's ruling which granted the defendants' motion for a directed verdict, must be affirmed''. Even if we were to reconsider and rule that the plaintiffs in the Zanola case were not guilty of contributory negligence, the judgment against them, based on the trial judge's peremptory instruction to the jury, would nevertheless, in our opinion, have to be affirmed because of the absence of proof of any of the acts of negligence alleged against the defendants. It follows, therefore, that even if we were to consider this petition to rehear on its merits, we would feel constrained to deny same.

The petition for rehearing is, accordingly, denied.

Avery, P. J. (W. S.), and Carney, J., concur.