IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 7, 2014

**ERIC DEWAYNE WALLACE v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Shelby County**
**Nos. 95-03053, 95-03054, 95-03055    J. Robert Carter, Jr., Judge**

---

**No. W2013-02761-CCA-R3-PC  - Filed November 24, 2014**

---

Petitioner, Erice Dewayne Wallace, appeals the dismissal of his second petition for post-conviction. Upon a review of the record in this case, we are persuaded that the post-conviction court was correct in dismissing the petition for habeas corpus relief. We also find that this case meets the criteria for affirmance pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. Accordingly, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and CAMILLE R. MCMULLEN, JJ., joined.

Eric Dewayne Wallace, pro se, Tiptonville, Tennessee

Robert E. Cooper, Jr., Attorney General and Reporter; Jeffrey D. Zentner, Assistant Attorney General; Amy Weirich, District Attorney General; and Megan Fowler, Assistant District Attorney General, for the respondent, State of Tennessee

**MEMORANDUM OPINION**

In September 2013, Petitioner filed a pleading styled as a second petition for post-conviction relief, asserting that the Supreme Court's decision in *Trevino v. Thaler*, 133 S.Ct. 1911 (2013), established a new constitutional right with retroactive application to his case. The post-conviction court dismissed this petition by an order entered on September 26, 2013. Petitioner then filed an application for permission to appeal in this Court on October 25,

2013. Treating the second petition for post-conviction relief as a motion to reopen Petitioner's post-conviction proceedings, a panel of this Court denied Petitioner's application for permission to appeal because Petitioner failed "to satisfy any of the grounds for reopening a post-conviction petition" permitted by Tennessee Code Annotated section 40-30-117(a). Order, *Eric Dewayne Wallace v. State*, No. W2013-02370-CCA-R28-PD (Tenn. Crim. App. Dec. 12, 2013).

Petitioner then filed a pro se Notice of Appeal, received by the Clerk of this Court on December 16, 2013, appealing "the final judgment of this Honorable Court entered . . . on the [sic] September 26, 2013." The appellate brief filed by Petitioner on June 19, 2014, contains a practically verbatim reiteration of all issues raised in Petitioner's October 25, 2013 application for permission to appeal from the post-conviction court's order of dismissal on September 26, 2013.

Because this Court's December 12, 2013 order denying permission to appeal has already adjudicated the exact issue raised before us now, that order is binding pursuant to the law of the case doctrine. *See State v. Odom*, 336 S.W.3d 541, 563-64 (Tenn. 2011) (citing *Memphis Publ'g Co. v. Tenn. Petroleum Underground Storage Tank Bd.*, 975 S.W.2d 303, 306 (Tenn. 1998)). We find no reason to depart from that order now. *See id.* Similarly, should we treat Petitioner's duplicative appeal instead as a petition to rehear, *see Zanola v. Hall*, 307 S.W.2d 941, 946 (Tenn. Ct. App. 1957) (treating post-decision motion as petition to rehear), we find no merit for such relief because a petition to rehear which merely reargues the petitioner's original position is unjustified. Tenn. R. App. P. 39; *Pullins v. Fentress Cnty. Gen. Hosp.*, 594 S.W.2d 663, 671-72 (Tenn. 1979).

*Conclusion*

We determine, *sua sponte*, that this case meets the criteria of Rule 20 of the Rules of the Court of Criminal Appeals, which provides inter alia:

> The Court, with the concurrence of all judges participating in the case, when an opinion would have no precedential value, may affirm the judgment or action of the trial court by memorandum opinion rather than by formal opinion, when:

> The judgment is rendered or the action is taken in a proceeding before the trial judge without a jury, and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge . . . and

No error of law requiring a reversal of the judgment or action is apparent on the record.

*See Larry L. Preston v. State*, No. E2007-02458-CCA-R3-PC, 2008 WL 2448318 at *2 (Tenn. Crim. App. June 18, 2008) ("[W]e point out that this court's use of Rule 20 to summarily affirm a lower court's action is not limited to cases in which the State moves for such relief."). Because the issues now raised by Petitioner have been previously considered by this Court, we find no error in the decision of the Criminal Court for Shelby County to dismiss the second petition for post-conviction relief without a hearing and without the appointment of counsel. Accordingly, the judgment of the post-conviction court is hereby affirmed in accordance with Rule 20.

_____
TIMOTHY L. EASTER, JUDGE