By the Court.
 

 The County Court was requested by the appellant’s counsel to charge the jury that they must find for him, unless they believed, from the evidence, that the appellant upon the sale represented the horse to be sound, when he knew he was unsound, or knowing the horse to be unsound, used some art to disguise his true situation; which instructions the Court refused to give, and left the cause to the jury upon the evidence given on the second count. A bill of exceptions was tendered to this opinion or conduct of the Court, in which no part of the evidence is disclosed, — the jury found a verdict for the appellee, — the appellant moved the cause to the Circuit Court, where the judgment was affirmed, and from that decision the cause has been removed into this Court.
 

 It is conceived to be the duty of the Court, when requested, to instruct the jury as to the law on all material points, — if this instruction is not given, and the party is injured by the jury finding against him, he can file a bill of exceptions and have the case revised in a superior court; but in such case he must disclose in the bill of exceptions the whole testimony given in the cause, that the revising court may be enabled to see, if correct instructions had been given, whether a different verdict would have resulted. Unless the testimony is thus disclosed, the judgment ought never to be reversed, if the revising court can suppose a state of facts that would • have entitled the party to a verdict similar to the one rendered. InThis»' case it is conceived the Court ought not' to have given the instructions prayed; because if it appeared in proof that there was some latent defect in the horse, of which the appellant had a knowledge, and which he failed to disclose before or at the time of the sale to the appellee, then the appellee would have been entitled to a verdict. This state of facts would not have proved that the appellant knowingly misrepresented the situation of the property, or used any artifice to disguise or conceal its defects, and still the appellee would have as clear a legal right to recover as if such misrep- ¡ resentation had been made or such artifice been practised; the conceal-j ment of a material defect, which could not by common observation b.e dis-i covered, would be such unfair dealing as the law prohibits.
 

 If the facts, as they really existed, would not warrant a verdict for the appellee, it is a matter of regret that they were not disclosed; but the want of them is to fall upon the appellant, who took the exceptions.
 

 
 *309
 
 The law requires that we should make all reasonable intendments in favor of a judgment, and none against it.
 

 The judgment must be affirmed.