Catron, Ch. J.
delivered the opinion of the court.
The record sets out the evidence as it was introduced by plaintiif and defendants, and manifestly all the evidence] introduced by the ’hank, to show that Fletcher had power to indorse the note for Nichols. The declaration alleges the note to have been indorsed by Nichols, by his attorney in fact or agent, Fletcher. The note was read; Kingsley’s handwriting proved; then Nichols’ handwriting to the power, and that Fletcher indorsed the note in virtue thereof, in Nichols’ name; also, that Fletcher ordered at the foot of the note, credit by the bank to be given to Stump, the drawer. The power was the same set forth in Nichols vs. Green, (Peck’s R. 283) which opinion received the sanction of the court in different causes arising on the same power afterwards.—It is stated that the power was restricted to the business of Nichols, and only to he exercised for Nichols’ benefit, “and on his behalf.” The record shows it was exercised on the behalf of, and for the benefit of Christopher Stump. Was the jury authorized to render a verdict for the plaintiff, construing the power as the supreme *111 court afterwards did? It is clear the verdict ought to have been for the defendants, if there was no other proof than that. Paley on Agency, 164. But it is insisted, that the court is hound to presume there was sufficient proof to authorize the verdict, unless the party praying a new trial show that all the evidence is in the hill of exceptions, by which the presumption is negatived. This though generally true, is not always so. It may he that a certain point of law is desired to he raised, as on the extent of this power, when only the evidence showing the authority should he set out. If the court are satisfied from the facts set forth, that no other evidence was relied upon by the plaintiff, it will determine the point of law arising, so that justice may be done between the parties. That the power was decided in April 1823, by the county court of Davidson, sufficient to authorize Fletcher to indorse the note in Nichols’ name, but for the benefit of Christopher Stump, cannot be doubted; and that its introduction was deemed the only necessary point of evidence on this point of the cause, and that it was the only evidence showing authority in Fletcher, read on trial, we think clear It is manifest, that to presume to the contrary, would be presuming a mere possibility, at war with the record. If it were probable other evidence was introduced, showing the note to have been indorsed for Nichols’ benefit, the verdict should be sustained; but the court cannot do so, resting upon a mere possibility, and this contradicted by the fact that the note was made to the bank, and the drawer credited by order of Fletcher, as Nichols’ attorney.
It was urged in argument, that Nichols might have been the previous indorser of Stump, and this a renewal of a former note, indorsed by Nichols’ himself, and therefore it would have been done “on Nichols’ behalf,” within the construction given to the power. Without giving any opinion whether the power authorized such an in-dorsement, it is sufficient to say, such a presumption is *112 too remote and too improbable when opposed to the facts on record to sustain the verdict. We therefore think the issue was not decided by the jury conformable to the now settled law, and that the cause must be remanded to the county court for another trial; when, if true, it may he ascertained whether the note was indorsed for and on behalf of Nichols, within the construction given to the power in Nichols vs. Green.