George Andrews, J.,
delivered the opinion of the Court.
The plaintiff in error was indicted and convicted in the Criminal Court of Memphis, of murder in the first degree, for the killing of one Daniel Tucker, and sentenced to be hung. From this judgment, he has appealed in error to this Court.
From the evidence set forth in the bill of exceptions, there is no doubt that the homicide was committed by the plaintiff in error; but the evidence set forth is, in our judgment, insufficient to justify the verdict rendered, of murder in the first degree; and if the bill of exceptions had stated expressly that it contained all the evidence in the cause, we could have no hesitation in reversing the judgment for that reason.
*337 The bill of exceptions, however, contains no express statement of that kind; and the question is made whether, under the well-settled rule in this State that the judgment will not be reversed on the ground of insufficiency of evidence, unless the bill of exceptions purports to set forth all the evidence, we are required to reverse the judgment in this case.
The rule above alluded to has been enforced with considerable strictness in civil cases, and, as we think, very properly; though even in civil cases it is sufficient if it affirmatively and clearly appears from the bill of exceptions itself that it does in fact contain all the evidence, though the express statement of that fact be omitted.
In criminal cases, of the grade of felony, and particularly where the life of the defendant is involved, while the same rule must be applied, we will apply it with greater caution than in a civil case.
In the present ease, the bill of exceptions does not state that it contains all the evidence, or make use of the expression: “Here the evidence closed,” to which some weight - was given in the decision of Yates vs. The State, 10 Yerg., 549. But we are satisfied from the bill of exceptions, taken as a whole, that it does contain all the evidence given. The testimony of the witnesses is given in detail, and in the order of their examination; and the intention manifestly was, to set out the whole evidence in the case, and not that alone which was applicable to some particular point of law, intended to be raised on the charge of the Court, for the charge is not set out, it being expressly stated *338 that no exception was taken thereto. The case of Yates vs. The State, was well decided, and the principle there announced is decisive of this case.
The judgment will be reversed, and the prisoner remanded.