Turney, J.,
delivered the opinion of the Court.
*358 There are several errors assigned and relied upon in argument. The consideration of one only, is necessary to a reversal.
This was an action of trespass instituted in the Circuit Court of Jefferson county, by the defendant in error, against the plaintiff in error, for beating the defendant in error with sticks, rocks, clubs, eta., and for forcibly taking from the plaintiff one roan mare — there is but one count in the declaration, to which there is a plea of not guilty. Verdict and judgment for the defendant, for twenty-five hundred dollars, and an appeal to this court.
The facts of the assault and battery, as they appear in the record, are, to say the least, very aggravated, and disclose conduct unbecoming a true soldier.
On the trial, John Newman, a witness for the defendant in error, was permitted to prove “that on the night plaintiffs mare was taken, the defendant, with several others, mounted, came to my house and took both my horses. I know nothing as to the taking of plaintiff’s mare.”
This was error. The taking of the horses of the witness was an independent, substantive offense, wholly disconnected with the issue to be tried in this case, and the proof of it in no way aided in the ascertainment of the truth of the issue the jury was sworn to try; was calculated to mislead and prejudice “their minds, and could produce no reasonable ground of inference as to the fact in dispute and submitted by the pleadings. If this testimony was admissible, the rule as laid down by Starkie on Ev., vol. 1, top 330, margin 371, “That *359 one- of the main objects of pleadings is, to apprise the adversary of the nature of the evidence to be adduced against him,” and that it “is essential to the purposes of substantial justice that such allegations should be supported by corresponding proof,” is defeated, pleading holds a useless office in the investigation by suit, of the rights of person and property, and we are blindly at sea.
The bill of exceptions does not recite “that this was all the evidence,” and therefore it is insisted in argument, “That if there is any evidence to support thtí verdict, this Court will not reverse upon the facts.” Such is the rule but with limitations, one of which is, as in this case when the Circuit Judge has erred in his rulings of the law, either in the admission of testimony, or in the charge to the jury. The rule is founded in the idea that all things else are rightly done, that the court below committed no error in announcing the law throughout the trial. This being so, this Court will not investigate facts, and reverse upon a preponderance, however' great, the testimony supporting the verdict being legitimate, and making out a prima facie case.†
Judgment reversed and cause remanded.

 See Parkey v. Yeary, ante 157; Lay v. Huddleston, ante 167; Smith v. Carr, ante 173; Nance v. Haney, ante 177.