W. T. Grant Co. *v.* Tanner.

(*Jackson,* April Term, 1936.)

Opinion filed July 3, 1936.

452

NORMAN FARRELL and F. M. McNAMARA, JR., both of Nashville, for plaintiff in error.

W. RAYMOND DENNY, of Nashville, for defendant in error.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

The W. T. Grant Company operates a department store in Nashville and Mrs. J. K. Tanner was a customer of the concern. Upon leaving the store, passing by the soda water fountain, near the front of the store, Mrs. Tanner sustained a fall, and a hernia resulted from the fall.

Plaintiff's declaration averred that pipes conveying water to the soda water fountain and to a gold fish pool nearby were negligently maintained, in a leaky condition, and by reason of such negligent maintenance, water seeped under the counters on to the oiled floor and the floor thereby became slick and dangerous. That, owing to this condition of the floor, she slipped, fell, and suffered the injuries aforesaid.

The defendant below filed a plea of not guilty. The plaintiff introduced proof to sustain the averments of her declaration and the defendant introduced a larger number of witnesses, whose testimony contradicted that of the plaintiff's witnesses on material issues and tended to acquit defendant of any negligence.

It appears that an operation on plaintiff to relieve the hernia became necessary. At the time of her fall, she

was also suffering from a uterine trouble. The surgeon accordingly made a somewhat larger incision than would have been required for a hernia operation, and found that Mrs. Tanner, in addition to hernia, had a fibroid tumor and accordingly removed her womb.

Since this operation, although it is described by the doctors as successful, Mrs. Tanner has been in a nervous and weakened condition.

Upon the trial of the case below the jury returned a verdict in favor of Mrs. Tanner for $500. Although contesting liability throughout the trial, the defendant below acquiesced in the verdict and judgment thereupon. Plaintiff below, however, filed a motion for new trial, principally on the ground of inadequacy of damages. The trial judge overruled the motion for new trial, but the Court of Appeals, upon the evidence contained in the record, concluded that the award of damages was inadequate and reversed the judgment below and remanded the case for a new trial upon the question of damages alone. The defendant has filed a petition for *certiorari,* insisting that the Court of Appeals erred in setting aside the verdict of the jury and further erred in confining the new trial to the ascertainment of damages alone.

It seems to us that the reasoning of the Court of Appeals justified its action in setting aside the verdict. If the plaintiff is entitled to damages at all, she is entitled to more than recovered. She undoubtedly sustained painful injuries by her fall, which necessitated an operation. Her doctor's bill and hospital bill absorbed a greater part of the recovery had. The balance of the judgment rendered, after these bills are paid, seems inadequate compensation for the pain and suffering incident to her fall, hernia, operation, and subse-

quent weakness. It is doubtful, upon the medical testimony, whether the plaintiff's present condition is altogether due to the operation for hernia, or to so much of the operation as involved the removal of her female organs. The trial court instructed the jury to keep these things separate inasmuch as the proof indicated that the fall and hernia would not have affected the fibroid tumor.

In *Perkins* v. *Brown,* 132 Tenn., 294, 177 S. W., 1158, L. R. A., 1915F, 723, Ann. Cas., 1917A, 124, where the practice of limiting the trial on remand to ascertainment of damages alone was adopted, there was no question of the liability of the defendant for some damages.

In *Newberry* v. *Hamblen County,* 157 Tenn., 491, 9 S. W. (2d), 700, the practice outlined in *Perkins* v. *Brown* was approved in cases where liability for negligence had been fixed and was undisputed.

In *Gulf Refining Co.* v. *Frazier* (Tenn. App.), 83 S. W. (2d), 285, 304, where there was a remand on a question of damages alone, there had been three verdicts in favor of the plaintiff below. This court denied petition for *certiorari* to the Court of Appeals because it seemed proper that this controversy should be ended.

In the case before us the defendant did not appeal. The judgment against it being small, not unnaturally, defendant preferred to pay the judgment rather than to undergo the expense of continued litigation. Nothing on the record suggests, however, that the defendant ever conceded its liability to the plaintiff for any sum on the facts of the case. The small amount of the verdict unmistakably indicates that the jury had doubts, either as to defendant's negligence in the premises, or doubts as to whether the present

condition of plaintiff was not due to the disease of her female organs and the removal thereof, rather than to her hernia and the operation to repair that.

Such being the situation, we think it would be an injustice to the defendant to remand the case for the ascertainment of damages alone.

█ It is quite generally held in other jurisdictions that if from the inadequacy of damages awarded, in view of the evidence, or the conflict of evidence upon the question of liability, or from other circumstances, plain inference may be drawn that the verdict is the result of a compromise, a new trial should be ordered upon all issues. *Simmons* v. *Fish*, 210 Mass., 563, 97 N. E., 102, Ann. Cas., 1912D, 588; *Schuerholz* v. *Roach* (C. C. A.), 58 F. (2d), 32; *Doody* v. *Boston & M. R. Co.*, 77 N. H., 161, 89 A., 487, Ann. Cas., 1914C, 846, and other authorities collected in a note 98 A. L. R., 944.

It results that the defendant's petition for *certiorari* is granted. Under the statute (Code 1932, sec. 10639), both parties are entitled to argue this case if they so desire. We doubt that the argument of counsel could add anything to what they have said in their briefs. If counsel desire to waive argument, an order may be entered modifying the judgment of the Court of Appeals and remanding the cause to the circuit court for a new trial upon all issues.