Louise McCullough

*v.*

Johnson Freight Lines, Inc., et al.

Watty Ann Freuler, etc.

*v.*

Johnson Freight Lines, Inc., et al.

(*Knoxville,* September Term, 1957.)

Opinion filed December 6, 1957.

CUNNINGHAM, CRUTCHFIELD & SUMMITT, Chattanooga, for plaintiffs in error.

SPEARS, MOORE, REBMAN & WILLIAMS, Chattanooga, for defendants in error.

Mr. Chief Justice Neil delivered the opinion of the Court.

These consolidated suits for personal injuries and property damage were tried to a jury in the Circuit Court of Hamilton County, Tennessee, resulting in separate verdicts for the plaintiffs.

In Mrs. McCullough's case she sued for damages for (1) personal injuries, (2) for property damages (damaged automobile) and (3) for loss of services of her adopted daughter, Watty Ann Freuler, and also expenses incurred in the latter's behalf, to wit, medical and hospital expenses. In Watty Ann Freuler's case she sued for personal injuries only. Since she was sixteen (16) years of age her suit was instituted by her mother, Mrs. Louise McCullough as next friend, etc.

The jury returned the following verdicts: (1) in favor of Mrs. Louise McCullough the amount of $2,678, representing $2,250 personal injuries, $428 property damages; (2) in favor of Watty Ann Freuler the sum of $200.

The declarations in each of the cases charged the defendants with the same act of proximate negligence, viz., the truck of the defendant was traveling at an exceedingly fast and reckless rate of speed and crashed into the rear of plaintiff's jeep with such force as to cause same to leave the road, go into a ditch, become completely demolished and cause the plaintiff and her daughter serious and painful injuries (describing them). Certain specific acts of negligence are charged, relating

to unlawful speed, reckless driving, failing to have the vehicle under reasonable control, etc., in violation of the statute.

The defendants plead the general issue, and also filed special pleas denying any act of negligence as charged in the declaration, and that the plaintiff was guilty of contributory negligence in that she suddenly stopped her car without giving any signal of an intention so to do, and in failing to give any signal of her intention to turn off the highway as required by the statute.

Upon the issues thus made in the pleadings, and the evidence introduced at the trial, the jury returned the verdicts above referred to.

The plaintiffs moved the court for a new trial complaining (1) that the verdict was not supported by the evidence; (2) that the verdict was incomplete; (3) that the amount of the verdict for each of the parties plaintiff was so manifestly inadequate as to indicate passion, prejudice and caprice on the part of the jury; and (4) that the trial judge over-emphasized the importance of plaintiff's alleged contributory negligence. All of the foregoing grounds for a new trial were made the basis of assignments of error in the Court of Appeals. The defendants did not appeal.

It is clear from the briefs filed in the Court of Appeals that the issue of contributory negligence and the inadequacy of the verdicts were stressed before that court.

The Court of Appeals reversed the trial court on the ground that the verdicts were wholly inadequate.

The defendants filed a petition for *certiorari* which we granted for the purpose of hearing oral argument on the issue that was decided, and the related question of contributory negligence which was pretermitted by the court.

■ The counsel for the defendants, petitioners here, earnestly contend that the court erred in its opinion because the question of unliquidated damages was one for the jury's consideration and not subject to review because there was material evidence to support it; that there was material evidence to prove contributory negligence by Mrs. Louise McCullough.

On the contrary the plaintiffs say the opinion fully disclosed the inadequacy of the verdicts and in a proper case, such as the case at bar, it was the duty of the court to reverse and remand for a new trial.

We have heretofore made specific reference to assignments of error in the Court of Appeals by counsel for the plaintiffs (respondents here to the petition for *certiorari*), to wit, (1) the jury's verdict was inconsistent and incomplete; (2) the trial judge over-emphasized the defense of contributory negligence.

■ Following the oral argument in this Court the respondents filed certain cross-assignments of error. But we cannot consider them for the reason that the time for so filing under the statute has long since expired. Section 27-823, T.C.A.

■ Coming now to the petitioner's contention that the Court of Appeals was in error in reversing the trial court on the ground that the amount of the verdict in each case was inadequate, our cases hold without exception that an

award by the jury will not be disturbed when there is material evidence to support it.

When are we justified in reversing the trial judge because of inadequacy of the award in personal injury cases? In responding to this issue the Court of Appeals held, as follows:

"The rule is well settled that where the amount awarded by the jury in a personal injury case is manifestly insufficient to compensate plaintiff for impaired strength and loss of earning power, to say nothing of compensation for mental anguish and physical suffering, it should be set aside as the result of passion, prejudice or unaccountable caprice. *W. T. Grant Co. v. Tanner,* 170 Tenn. 451, 95 S.W.2d 926; *Burckell v. [Memphis] Street Railway Co.,* 2 Tenn.Civ.App. 576; *City of Nashville v. Fox,* 6 Tenn.App. 653; *Flexer v. Crawley,* 37 Tenn.App. 639, 269 S.W.2d 598, 600."

In *W. T. Grant & Co. vs. Tanner, supra,* [170 Tenn. 451, 95 S.W.2d 927] the Court of Appeals had set aside a verdict of $500 for personal injuries. On petition for *certiorari,* which was granted, this Court (opinion by Green, C. J.) concurred, saying: "It seems to us that the reasoning of the Court of Appeals justified its action in setting aside the verdict. If the plaintiff is entitled to damages at all, she is entitled to more than recovered." It does not appear upon what ground the case was reversed for inadequacy of the verdict. The crucial point in the case was whether, upon the remand, the case should be tried upon *all issues* or merely to assess the damages. If the case was reversed on the ground that the verdict was the result of passion, prejudice and caprice we should agree.

The case of *Burckell v. Memphis Street Railway Co.,* *supra,* cited as authority for the reversal in the case at bar is not controlling because the court expressed the following view regarding the verdict: "While we ascribe this verdict to unaccountable caprice, we really might say that it had its origin in the errors of law committed by the Court."

Neither is the case of *Flexer v. Crawley, supra,* applicable because the question of the plaintiff's contributory negligence was not involved. The same is true in *City of Nashville v. Fox, supra.* Adverting to *Flexer v. Crawley,* there was no dispute as to the nature and extent of the plaintiff's injuries, all of which resulted from the defendant's negligence. It is distinguishable from the case at bar in that, says Judge Carney in his able opinion [37 Tenn.App. 639, 269 S.W.2d 600]: "There is no evidence before the jury or charge by the Court concerning contributory negligence on the part of plaintiff justifying or requiring a mitigation of plaintiff's damages."

In the case at bar there is material evidence to prove remote contributory negligence on the part of the plaintiff, thus justifying, or requiring, a mitigation of the damages. In the absence of material evidence proving remote contributory negligence in mitigation of damages we agree without hesitation (quoting from Judge Carney's opinion) "* * * that where the verdict of the jury is so grossly inadequate in comparison with the injuries actually sustained and proven as to evince passion, prejudice or unaccountable caprice on the part of the jury, that the appellate courts will look into the facts and set the verdict aside."

We think the foregoing statement is a proper limitation of the general rule that the verdict of the jury, awarding compensatory damages, will not be disturbed when there is material evidence to support it.

It must be conceded that the award of $2,250 in favor of Mrs. Louise McCullough for personal injuries was exceedingly small considering their nature and extent. The testimony of Dr. Newell, quoted at length in the Court of Appeals' opinion, and to which we have given thoughtful consideration, shows that she was **frightfully** injured. Her hospital bill alone amounted to $1,661.10. But the defendant's counsel say that the smallness of the verdict was due to Mrs. McCullough's contributory negligence. The evidence thus relied on is to the effect that she stopped her jeep-station wagon on the highway without giving any signal to vehicles, approaching her from the rear. It is argued that Mr. Woods, the driver of the Johnson Freight Lines truck, exercised all reasonable care to avoid the accident. Mrs. McCullough's alleged contributory negligence was a sharply disputed issue in the case. She emphatically denied having stopped on the highway.

The record before us reflects the careful consideration which the jury gave to the testimony and the charge of the court. That they gave intelligent consideration to the evidence and the charge of the court upon every issue cannot be doubted. It appears that the trial judge stated to the jury at the beginning of his charge that jurors were privileged to ask him any questions regarding any issue at the conclusion of the charge. When he had finished reading his charge, he inquired, "Are there any special requests?" Counsel for both the plaintiffs and the

defendants replied, "None, Your Honor." A Juror: "I have one question * * * I believe I heard you say that if you find that—that both were negligent, contributory negligent on the part of both, that you would find, therefore, just for the daughter?" The Court: "That's right." The court thereupon correctly charged the jury that the plaintiff's suit would not be barred by reason of any contributory negligence; that if both were guilty of proximate negligence that the plaintiff could not recover. But her remote negligence, if any, not contributing to the accident as a proximate cause, "must be taken into consideration by you, and a proper deduction made from the amount of damages which you would otherwise award to the plaintiff * * *" The Court: "In view of those remarks, are there any special requests?" Mr. Moore, for the defendant, "No, Your Honor." The jury later returned and reported the verdict, the amount of which is questioned on this appeal.

Now in the light of the foregoing charge, and the juror's inquiry, we feel that it was a lawful verdict in that it resulted from a fair consideration of all the evidence and the charge of the court, rather than from passion, prejudice and caprice on the part of the jury.

■ It is a settled rule of law in this State that the plaintiff's contributory negligence as a remote cause of an accident, and injuries complained of, will mitigate the damages. See many cases cited in Vol. 9 Encyclopedic Digest of Tennessee Reports, page 416; and that remote contributory negligence must be considered in mitigation of damages *as a matter of law; it is not within the discretion of the jury. Louisville & N. R. Co. v. Martin,* 113 Tenn. 266, 87 S.W. 418. In *McClard v. Reid,* 190 Tenn.

337, 229 S.W.2d 505, this Court held that remote contributory negligence of the plaintiff in common law actions for personal injuries must be considered in mitigation of damages, and it is the duty of the trial court to thus charge the jury.

The question of gross negligence by the defendant is not made on this appeal. The trial judge sustained the defendant's motion for a directed verdict as to each and every count in the declaration alleging punitive damages.

■ ■ If the law makes it the duty of the jury to consider remote contributory negligence in mitigation of damages, and that it is not discretionary, its decision is entitled to great weight, and more especially when the verdict is approved by the trial judge. A trial judge should not be put in error *ipso facto* for approving a jury verdict unless it is an unlawful verdict.

■ There is no rule of law, and we do not believe any such can be devised, to guide the jury and the trial court in deciding what would be reasonable compensation in personal injury cases, or what amount, if any, should be deducted in mitigation of damages. The law has left it to the impartial judgment of twelve good and lawful men.

The amount of damages to which the plaintiff is entitled in such cases is primarily a question for the jury, and it is not within the province of an appellate court to substitute its judgment for that of the jury and the trial judge. *Potter v. Shute,* 7 Tenn.App. 222. See also *Union Traction Co. v. Todd,* 16 Tenn.App. 200, 64 S.W.2d 26; *Southern Bell Tel & Tel. Co. v. Skaggs,* 34 Tenn.App. 549, 241 S.W.2d 126.

The judgment of the Court of Appeals in Mrs. Louise McCullough's case is reversed and that of the trial court is affirmed.

■ In the case of Watty Ann Freuler, the evidence shows without dispute that she was guilty of no negligence whatever. The trial judge correctly charged the jury that any contributory negligence by Mrs. McCullough was not imputable to her daughter.

■■ While the general rule of law with regard to the amount of an award in personal injury cases is primarily a question for the jury, it should not apply where, as in the case at bar, the plaintiff has suffered serious painful injuries and the jury's award is only for nominal damages. The evidence shows that the plaintiff sustained the following injuries:

> "As a result of the accident the plaintiff, Watty Ann Freuler, age 16, sustained a 'concussion of the brain, sprained neck, sprained back and multiple contusions and abrasions,' and for several months thereafter suffered menstrual irregularity. She was in the hospital for nearly a week, and after being released she was under the treatment of doctors for several weeks, and for her injuries she was awarded $200.00."

The plaintiff's injuries as thus described by the Court of Appeals are fully sustained by the evidence. It is not in fact a disputed question.

The judgment of the Court of Appeals in this case is accordingly affirmed and remanded for a new trial. The Johnson Freight Lines, Inc., will pay the costs of this appeal.