MRS. BETTY CLEMENTS, Plaintiff in Error, v. VETERANS CAB · COMPANY, Defendant in Error.—344 S. W. (2d) 572.

Western Section, at Jackson. August 29, 1960.

Certiorari Denied by Supreme Court March 10, 1961.

R. L. Pearson and Louis Peiser, Memphis, for plaintiff in error.

McDonald, Kuhn, McDonald, Crenshaw & Smith, Memphis, for defendant in error.

BEJACH, J. The plaintiff in error, Mrs. Betty Clements, was plaintiff in the lower court and the defendant in error Veterans Cab Company of Memphis, was defendant in the lower court; so, for convenience, the parties will be styled, as in the lower court, plaintiff and defendant, or called by their respective names. A companion suit, tried in the lower court along with this one, was filed by Mrs. Clements' husband for loss of services and medical and hospital expenses incurred by him, which suit resulted in a verdict for $1,250 in his favor. No appeal was taken in that case, however, so it is not involved in this Court. The suit of Mrs. Clements, which was appealed by her, resulted in a verdict which was as follows:

"We the jury, find for the plaintiff with no damages awarded.

"Norman P. Cox, Foreman"

It appears in the record before us, that the jury when it first undertook to report, returned a verdict in favor of Mr. Clements for $1,250, but at the same time tried to return a verdict for the defendant in Mrs. Clements' case.

The trial judge explained to the jury that these verdicts were inconsistent; whereupon, the jury, after further deliberation, reported that they had agreed on the amount to be awarded to both Mr. and Mrs. Clements, but did not know how to divide it. The judge then gave further instructions to the jury, after which it reported for the third time, returning the two verdicts as stated,—one in favor of Mr. Clements for $1,250 and the other in favor of Mrs. Clements with no damages awarded. The trial judge accepted these verdicts and entered judgment on same, assessing the costs against the defendant in both cases. In Mrs. Clements' case, she moved for a new trial which was overruled, after which she perfected her appeal in the nature of a writ of error to this Court.

A motion to strike the bill of exceptions was filed in this Court by the defendant in error, on the ground that the bill of exceptions does not state that it contains all the evidence introduced in the case, and on the further ground that said bill of exceptions affirmatively discloses that it does not in fact contain all of the evidence. Counsel for the plaintiff in error undertook to answer this motion by filing an affidavit of the court reporter who wrote up his notes for the purpose of making a bill of exceptions, which stated that it was a pure oversight and inadvertence on his part that caused him to omit adding a statement that it contained all of the evidence in the case. As to the bill of exceptions, as actually filed, affirmatively showing that it does not contain all of the evidence, it was contended by counsel for plaintiff in error that the exhibits shown to be omitted dealt exclusively with the husband's suit, and were not necessarily or properly a part of the bill of exceptions in the case which was appealed.

■ At the hearing of this cause, counsel for the defendant in error undertook to withdraw said motion to strike the bill of exceptions, to the end that the recitals therein contained, showing the several reports of the jury and the trial judge's comments thereon would be properly before this Court. After careful consideration of the matter, we have decided to permit the withdrawal of said motion, although it makes no difference in the result we have reached whether the bill of exceptions be stricken or permitted to remain in the record. Even with the motion to strike withdrawn, it would still be our duty to refuse to consider the evidence in the case when the fact is called to our attention that the bill of exceptions contains no certificate reciting that it contains all the evidence, if consideration of the evidence should be material to the result reached.

■■ The law is settled in Tennessee by a long line of cases holding that where there has been a general verdict, the bill of exceptions must affirmatively show, or it must appear from the nature of the case that all the evidence submitted to the jury or the court below material with reference to the questions to be raised in the reviewing court, is stated in the bill, or the appellate court will presume that there was evidence to authorize and sustain the verdict of the jury or findings of the Court and the judgment thereon. Among such cases are: Insurance Co. v. Scales, 101 Tenn. 628, 49 S. W. 743; Kennedy v. Kennedy, 84 Tenn. 736; Kirkpatrick v. Utley, 82 Tenn. 96; Huffman v. Hughlett, 79 Tenn. 549; Franklin Fire Ins. Co. v. Crockett, 75 Tenn. 725; Kincaid v. Bradshaw, 65 Tenn. 102; Holbert v. Seawright, 62 Tenn. 169, 170; Mason v. Anderson, 59 Tenn. 40; Jackson Ins. Co. v. Sturges, 59 Tenn. 339; Tomeny v. German Nat. Bank, 56 Tenn. 493;

Sweat v. Rogers, 53 Tenn. 117; Heatherly v. Bridges, 48 Tenn. 220; Massengill v. Shadden, 48 Tenn. 357; Hix v. Cornelison, 47 Tenn. 299; Woods v. State, 47 Tenn. 335; Wickham v. State, 47 Tenn. 525; Pullen v. Lane, 44 Tenn. 249, 250; Martin v. Bank, 42 Tenn. 332; Mulholland v. Ellitson, 41 Tenn. 307, 308; Whiteside v. Latham, 42 Tenn. 91; Bird v. Fannon, 40 Tenn. 12; Davis v. Jones, 40 Tenn. 603; Nolen v. Wilson, 37 Tenn. 332, 333; Noe v. Hodges, 24 Tenn. 103, 105; Turnley v. Evans, 22 Tenn. 222; Melton v. State, 22 Tenn. 389; Wilkins v. Gilmore, 21 Tenn. 140; Trott v. West, 18 Tenn. 499; Trott v. West, 19 Tenn. 163; Yates v. State, 18 Tenn. 549; Crawford v. Bynum, 15 Tenn. 381; McCallen v. Sterling, 13 Tenn. 223; Kingsley v. State Bank, 11 Tenn. 107; and McGavock v. Ward, 3 Tenn. 403. This formidable line of cases is mitigated to some extent by rulings in Yates v. State, 18 Tenn. 549 and Woods v. State, 47 Tenn. 335, holding that some other recital may be sufficient, or that if it otherwise appears that the bill of exceptions does contain all of the evidence, the absence of the unequivocal recital to that effect will not be fatal. In the recent case of Eslinger v. Miller Bros. Co., Inc., 1958, 203 Tenn. 688, 315 S. W. (2d) 261, 265, in an opinion on petition to rehear, written by Mr. Justice Swepston, the Supreme Court held that the absence of a recital in the bill of exceptions that it contains all of the evidence could not be first called to the attention of the Court in a petition to rehear. Two of our own cases of recent date are in harmony with the policy of mitigating the extreme harshness of the rule. In Zanola v. Hall, 1957, 43 Tenn. App. 298, 307 S. W. (2d) 941, 943, we held that a certificate reciting that the bill of exceptions contained all of the evidence "material to the issues raised on appeal", was sufficient; and in State for Use and

Benefit of Henderson County ex rel. Hanover v. Stewart, 1959, 46, Tenn. App. 75, 326 S. W. (2d) 688, where the bill of exceptions recited that it contained all of the evidence, but it appeared affirmatively that two exhibits, not material to the issues raised on appeal, had been omitted, we held that such omission was not fatal. These decisions, in our opinion, justify us in permitting the withdrawal of the motion to strike; although, as stated above, withdrawal of the motion would not, of itself, remove the obligation on our part to presume, in the absence of a recital that the bill of exceptions contains all the evidence, that other evidence was in fact presented in the lower court, if examination of the evidence became material to our decision.

In the instant case, however, it is our opinion that it is immaterial whether the bill of exceptions be stricken or be allowed to remain in the record for consideration of this case on appeal, because consideration of the evidence is unnecessary. If the bill of exceptions were stricken, we would still have before us the technical record, including the verdict of the jury and the judgment of the lower court thereon; and, it is our judgment that a verdict returned in favor of the plaintiff which awards no damages is erroneous on its face. Plaintiff in error has filed, in this Court, eight assignments of error; but we will refer to the first four of them, only. The other four are wholly irrelevant to anything said in this opinion, because they refer to alleged errors in the admission of evidence and to objections to portions of the trial judge's charge dealing with the evidence admitted. We might, indeed, limit our consideration to the first assignment, only; but, inasmuch as the other three quoted below might have some bearing on our discussion of the cases cited by counsel for

both sides, we will quote the first four of appellants assignments of error. They are, as follows:

## "I

"The verdict of the jury is a nullity in that the jury found for the plaintiff, fixed no damages, and the failure to award damages is such as to shock the conscience.

## "II

"The verdict of the jury was so inadequate as to evince passion, prejudice or caprice on the part of the jury.

## "III

"The nature of and the wording of the verdict is such that it may be plainly inferred that the verdict of the jury was in disregard of the evidence.

## "IV

"In view of the evidence it is clearly indicative that the verdict is the result of a misunderstanding of the court's charge."

■ Counsel for plaintiff cites and relies on the Supreme Court case of W. T. Grant Co. v. Tanner, 170 Tenn. 451, 95 S. W. (2d) 926, and the decision of this Court in Flexer v. Crawley, 37 Tenn. App. 639, 269 S. W. (2d) 598, as authorities for the proposition that inadequacy of the verdict, in a proper case, is a ground for reversal. They contend that an award of no damages on a verdict in favor of the plaintiff is obviously inadequate in amount, and therefore justifies a reversal. These cases do constitute authority for that proposition of law; but we think

the vice in the verdict returned in the instant case lies deeper than that of mere inadequacy of amount. We think a verdict in favor of the plaintiff, with no damages awarded, is erroneous on its face. The mere fact that the verdict is in favor of the plaintiff, without anything else appearing, necessarily requires an award of some damages, even if only nominal damages, in favor of the plaintiff. If the verdict in the instant case had awarded only one cent as damages in favor of the plaintiff, we might be able to sustain same; and, certainly, before reversing same it would be necessary for us to consider the evidence upon which it was based.

On the other hand, counsel for defendants cites and relies on the cases of Southern Bell Tel. & Tel. Co. v. Skaggs, 34 Tenn. App. 549, 241 S. W. (2d) 126, 128, and the opinion of Swepston, J. in the previously unreported case of Wiggins v. Mullins, now reported as a footnote on pages 562-566 of Volume 34, Tennessee Appeals, at pages 132-134 of 241 S. W. (2d). The case of Wiggins v. Mullins sustained and affirmed a verdict in favor of the father of a three year old child, even though in a companion suit which the father had brought as next friend for the child, the verdict had been in favor of the defendant; and this, on the ground that the verdicts in the two cases were not necessarily, as a matter of law, inconsistent with each other. The case of Southern Bell Tel. & Tel. Co. v. Skaggs affirmed a verdict which was in the following language:

"We the jury find for the plaintiff $5,000 for personal injuries, and $0 for personal property damage, C. C. Richards Foreman."

The theory of counsel for defendant, with reference to the last two cases referred to above, as applied to the ver-

dict in the instant case, is that the verdict in the instant case is no more inconsistent with the verdict in favor of plaintiff's husband in the companion suit, than were the verdicts which were sustained in said cases, Southern Bell Tel. & Tel. Co. v. Skaggs and Wiggins v. Mullins. It was, in order that we might consider the recitals in the bill of exceptions showing the several reports of the jury, which resulted in the final form of the present verdict, that defendant's counsel undertook to withdraw the motion to strike the bill of exceptions, which withdrawal we have permitted. Such withdrawal avails nothing, however, because, as pointed out above, the fatal defect in the verdict in the instant case is not its inconsistency with the verdict in the companion suit, but its internal inconsistency with itself, which makes it erroneous. In Southern Bell Tel. & Tel. Co. v. Skaggs, as was pointed out in the opinion of this Court, the $5,000 verdict for personal injuries could be reconciled with the award of $0 for property damages on the ground that because of remote contributory negligence of the plaintiff, the jury had reduced its award for personal injuries by the amount of damages to the plaintiff's automobile. In any event, the verdict in that case did not destroy itself by reciting that it was in favor of the plaintiff, and then award no damages. Substantial damage in the amount of $5,000 for personal injuries was awarded. Furthermore, in that case it was the defendant and not the plaintiff who appealed. Consequently, the court might have sustained the award of $0 for property damage on the ground that, even if it were erroneous, it was an error in favor of the defendant, as to which it, as appellant, could not complain.

In the instant case, on the other hand, we do not have before us the verdict in the companion suit of the husband,

no appeal having been perfected in that case, and we consider it immaterial whether or not the verdict in the wife's suit is inconsistent with it. Being internally inconsistent within itself, however, the verdict and judgment thereon in the instant case, is, in our opinion erroneous on its face.

For the reasons stated above we feel constrained to reverse this cause, and remand it to the Circuit Court of Shelby County for a new trial. The costs of the appeal will be adjudged against the appellee Veterans Cab Company of Memphis.

Avery, P. J., (W. S.), and Carney, J., concur.