Lloyd **GENTRY** and **Maude Gentry, Heirs at Law of Minnie Belle Gentry, Deceased, Plaintiffs-Appellants,**

v.

**LOUISVILLE AND NASHVILLE RAILROAD COMPANY, Defendant-Appellee.**

**No. 17079.**

United States Court of Appeals
Sixth Circuit.

Jan. 27, 1967.

Robert J. Pennington, Madisonville, Tenn., for appellants, J. D. Lee, Madisonville, Tenn., on brief.

J. W. Baker, Knoxville, Tenn., for appellee, Poore, Cox, Baker & McAuley, Knoxville, Tenn., of counsel.

Before O'SULLIVAN and EDWARDS, Circuit Judges, and CECIL, Senior Circuit Judge.

PER CURIAM.

In this case one issue is presented. Appellants claim that the failure of the District Judge to charge the jury on "remote contributory negligence" under the law of the State of Tennessee, McCullough v. Johnson Freight Lines, Inc., 202 Tenn. 596, 308 S.W.2d 387 (1957); Louisville and Nashville Railroad Co. v. Martin, 113 Tenn. 266, 87 S.W. 418 (1904), was error which requires us to reverse a jury verdict for defendant and remand for a new trial.

■ Neither plaintiffs nor defendant pled Tennessee's theory of remote contributory negligence. Appellants did not request an instruction on remote contributory negligence either orally or in writing. See Rule 51, Fed.R.Civ.P. Further, when the District Judge charged on contributory negligence, but not on remote contributory negligence, plaintiffs-appellants made no objection thereto. Rule 51 Fed.R.Civ.P.

Appellants do not point to, and we are unable to find, any Tennessee precedent which required that this charge be given under the posture of this case.

■ A careful review of this record discloses ample evidence from which the jury could have found that the negligence of the driver of decedent's automobile was the sole cause of the accident.

Affirmed.