Robert Spencer HOWARD, Executor of the Estate of Katherine E. Howard, Plaintiff-Appellee, Cross-Appellant,

v.

J. N. ZELLNER & SONS TRANSFER CO. and Paul Stanley Matthews, Defendants-Appellants, Cross-Appellees.

Nos. 75–1152 and 75–1153.

United States Court of Appeals, Sixth Circuit.

Argued June 10, 1975.

Decided Jan. 27, 1976.

Arthur D. Bryne, J. Allen Boyd, Poore, Cox, Baker, McAuley, Ray & Bryne, Knoxville, Tenn., for Zellner, etc.

J. D. Lee, Robert Pennington, Madisonville, Tenn., for Howard.

# 246

Before CELEBREZZE, PECK and ENGEL, Circuit Judges.

PER CURIAM.

Involved herein are cross-appeals from a judgment entered on a jury verdict in favor of the plaintiff * and from an order of remittitur of damages from $90,000.00 to $70,000.00 in a diversity wrongful death action arising out of a truck-car collision in Tennessee.

Plaintiff brought this action for the alleged wrongful death of his wife, who was killed when she turned her car from the right lane across the left lane of a two-lane highway into the path of a tractor trailer rig which was in the left lane in the process of passing decedent's vehicle. Defendants conceded that the rig driver was, at the time of impact, in violation of statutes prohibiting passing at a solid yellow line. The decision in this case turned on the characterization of the plaintiff's negligence in turning, which the jury found to be "remote" rather then "proximate" under Tennessee law. *Grigsby v. Bratton,* 128 Tenn. 597, 163 S.W. 804 (1912).

The question of whether a plaintiff was contributorily negligent, and if so whether that contributory negligence was proximate or remote is a question of fact to be determined by the jury. *Frady v. Smith,* 519 S.W.2d 584 (Tenn.1974); *Holt v. Walsh,* 180 Tenn. 307, 174 S.W.2d 657 (1943); *Adams v. Brown,* 37 Tenn.App. 258, 262 S.W.2d 79 (1953). This question should be removed from the province of the jury only when "the facts are established by evidence free from conflict, and the inference from the facts is so certain that all reasonable men, in the exercise of a free and impartial judgment, must agree upon it." *Frady v. Smith, supra* at 586.

We find that reasonable minds could differ as to the nature of Mrs. Howard's actions, and that the record contains evidence from which the jury could reasonably conclude Mrs. Howard's actions only remotely contributed to the collision.

Plaintiff appealed from the district court's granting of a $20,000.00 remittitur. In diversity cases from Tennessee this court has approved the Tennessee practice of permitting a plaintiff to accept remittitur under protest and then appeal the trial court's ruling. *Mooney v. Henderson Portion Pack Co., Inc.,* 334 F.2d 7 (6th Cir. 1964). The action of the trial court in granting a remittitur is subject to review only for abuse of discretion. The test which this court has adopted for determining such an abuse is that it will reverse the granting of a remittitur "only where the quantum of damages found by the jury, was *clearly* within 'the maximum limit of a reasonable range.'" *Manning v. Altec, Inc.,* 488 F.2d 127, 133 (6th Cir. 1973) (emphasis in original). *Accord, Brewer v. Uniroyal, Inc.,* 498 F.2d 973 (6th Cir. 1974).

The facts of this case show that decedent, Mrs. Howard, was 60 years old and in good health with a life expectancy of 18.64 years. Earlier in her life she had operated a poultry business, but at the time of her death she was not employed. Mrs. Howard died instantly, without prolonged pain or suffering and was survived by her husband and five grown daughters. In addition, the jury found Mrs. Howard was guilty of remote contributory negligence, which finding must be considered in mitigation of damages. *McCulloch v. Johnson Lines,* 202 Tenn. 596, 605, 308 S.W.2d 387 (1957). Given these facts, this court cannot conclude that the jury's verdict was "clearly within the maximum limit of a reasonable range," and thus the district court did not abuse its discretion in finding this verdict excessive and granting the remittitur.

As to the plaintiff's argument regarding punitive damages, this court agrees with the district court that there was no evidence sufficient to warrant the awarding of punitive damages.

The judgment of the district court is

affirmed.

* The parties will herein be referred to as they were in the trial court.